JAMES G. TURACK, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 24970.) — Appeal from a judgment of the Court of Claims dismissing appellant's claim. The following recital of facts is taken from the findings contained in the decision made by the Court of Claims. In part it is a direct quotation. Claimant for more than four years prior to January 10, 1935, was employed as a carpenter at the Creedmoor Division of the Brooklyn State Hospital. On the date mentioned he applied for treatment to relieve pains in his right foot. He was examined by Dr. Tagliavia employed by the State, who sent him to the Physiotherapy Department of the hospital for treatment, which was administered " by a Mr. O'Shaughnessy, in the absence of the regular technician in charge * * *. That in the treatment of claimant said O'Shaughnessy applied two straps connected with said diathermy apparatus to said claimant's right foot, which straps were placed one around the ball of the foot and the other around the ankle so that the edges of these two straps were one-eighth of an inch apart. That after the electric current was turned on, said claimant complained that it was burning his foot. * * * That close proximity of the diathermic straps or electrodes would not, necessarily, tend to burn; it could cause more heat and could cause a burn. * * * That said O'Shaughnessy thereafter reduced the electric current and continued the application of heat for ten or twelve minutes. * * * That when said straps were removed from claimant's right foot, there appeared at the place where the straps were fastened a dark spot." Medical testimony indicates that the treatment from which the burn resulted was careless, negligent and inefficient. Claimant at once became ill and sick from the burn. He was treated thereafter both by the State and his own physician until August 19, 1935, when his leg was amputated eight inches below the knee. The concatenation of events as well as medical testimony requires an inference that claimant's injury and the loss of his leg resulted from the negligence of an employee of the State. Judgment dismissing the claim is reversed on the law and facts, with costs, and judgment in favor of claimant for $10,000, with costs, is directed. The court reverses the following findings of fact contained in the decision: 29, 30, 31, 37, 38 and 39, and disapproves the six conclusions of law contained in the decision. The court reverses the following findings of fact contained in the State's proposals: 5, 6, 7, 8, 9, and disapproves the conclusions of law annexed to the State's proposals which were made by the trial judge. The court makes the following new findings of fact, being those contained in the claimant's proposed findings of fact Nos. 16, 17, 18, 19, 20, 21, 22, 28, 29, 30, 34, 35, 40, 42, 43, 44, 45 and 46. The court further finds that claimant suffered personal damages to the amount of $10,000, through the negligence of the employees of the State. Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ., concur. [173 Misc. 178.]