## Harris v. Uniontown Hospital

Before Munson, Cicchetti and Adams, *JJ.*

*Robert M. Keener* and *Theodore M. Tracy,* for plaintiff.

*Joseph M. George,* for defendant.

ADAMS; *J.,* December 30, 1975—This case is before the court en banc on a motion for a summary judgment filed by defendant, Uniontown Hospital. Nancy Harris filed an action in trespass against Uniontown Hospital to recover for injuries alleged to have been sustained by her on May 6, 1970, as the result of negligent conduct of hospital employes which occurred while she was hospitalized in the defendant-hospital for injuries which she received while working as an employe of defendant-hospital and for which she was receiving workmen's compensation. Defendant contends that since plaintiff was receiving workmen's compensation and was being treated by defendant-hospital for said injuries suffered as an employe, she is barred from maintaining a separate action for negligent conduct by her employer which either aggravated existing injuries or caused a separate injury. The court is of the opinion that she is not.

Plaintiff was employed by Uniontown Hospital as an operating room technician. On April 13, 1970, in the course of her employment, plaintiff slipped and fell on some water on the hospital floor, sustaining injuries to her back. On April 19, 1970, plaintiff was admitted to Uniontown Hospital as a result of these injuries and underwent surgery for the removal of a herniated disk. On May 6, 1970, while recovering from surgery in the hospital, plaintiff fell again. Two or more nurses sat her in a chair and put her

134

head between her knees. Plaintiff contends that such conduct constituted negligence which resulted in either aggravating existing injuries or causing new injuries, which are the subject of this suit.

On May 18, 1970, plaintiff signed a workmen's compensation agreement for the injuries sustained in the first fall and she has received compensation from that time accordingly. In its motion for summary judgment, defendant contends that the workmen's compensation benefits are an exclusive remedy and thus bar the trespass action against Uniontown Hospital.

This court is of the opinion that the motion for summary judgment will not lie in this case. "[S]ummary judgment can be entered only in clear and doubt-free cases": Johns v. Cheeseman, 457 Pa. 414, 322 A.2d 648 (1974).

A material fact to be determined is the exact nature and extent of the injuries alleged to have been sustained. The key issue is whether there is an aggravation to an old injury or plaintiff suffered a new independent injury. The employe is barred from suit only if the new injury complained of is a compensable injury occurring in the course of employment as defined under the Workmen's Compensation Act: Savage v. Jefferson Medical College Hosp., 7 Pa. Commonwealth Ct. 35, 298 A.2d 694 (1972).

## ORDER

And now, December 30, 1975, defendant's motion for summary judgment is hereby dismissed.