EDNA ROBISON, Appellant, *v.* THE STATE OF NEW YORK, Respondent.*

Fourth Department, January 7, 1942.

* Revg. 176 Misc. 73.

*Wright & Livingston* [*Marshall E. Livingston* of counsel; *John W. Miles* with him on the brief], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella* and *James H. Glavin, Jr., Assistant Attorneys-General,* of counsel], for the respondent.

HARRIS, J. The appellant herein sought an order below permitting the claimant to file a claim against the State of New York which had not been filed within the time ordinarily permitted for such filing. (Court of Claims Act, § 10, subd. 5.) Such permission was denied on the sole ground that the proposed claim did not state facts sufficient to constitute a valid claim against the State. Appeal from such order has been taken to this court.

The question involved is whether an employee of the State, who is injured in the course of employment in such a manner as to warrant a claim on her part under the Workmen's Compensation Law, also has a claim against the State of New York for negligence of the State and malpractice of its employees (physicians) during her treatment in the hospital of the institution to which she was attached, such treatment being given her by the State because of the original injury.

The formalities to be complied with to secure permission for the late filing of a claim are (1) that the application be based on affidavits; (2) such affidavits must show a reasonable excuse for not filing; and (3) must show that the State had actual knowledge of the facts constituting the claim; and (4) that the State has not been substantially prejudiced by the delay in filing the claim. (Court of Claims Act, § 10, subd. 5; *Schroeder* v. *State of New York,* 252 App. Div. 16.) Although the counsel for the State asserts that there has not been compliance with these requirements, the record shows that there has been sufficient compliance to permit the filing of the claim providing that the proposed claimant has stated facts sufficient to constitute a claim against the State.

In order to ascertain whether such sufficient facts have been stated, reference is now made to the matters set forth in the record. Edna Robison, the appellant herein, on the 15th day of July, 1940, and for some time prior thereto, was an employee of the State at the Newark State School and while so employed and when walking through one of the buildings in the school, slipped and fell and injured her right leg. In connection with the school the State maintains a hospital and the staff of such hospital (physicians and nurses) are regular full-time employees of the State. Due to the lack of facilities for roentgenological diagnosis,

the incompetency of physicians provided to make such a type of examination, and the negligence of the physician making such examination, the injury to the plaintiff was incorrectly diagnosed as a bruise and contusion on the leg and hip. In accordance with the instructions of the physician, the appellant, after remaining three weeks in bed for a rest, was given physiotherapy and massage treatment of the injured portions of her body and then directed to make use of the leg. Although she complained to the employees of the hospital of unbearable pain, she was still encouraged to make use of the leg, and on September 9, 1940, she was told she had recovered and should leave the school hospital, and did so. Subsequently thereto the appellant returned to her home town and consulted a physician at Newark, N. Y., who referred her to an orthopedic surgeon in Rochester. As a result of such consultation and reference, it was disclosed that she had in the course of the accident of July 15, 1940, suffered from a fracture of the right femur and upward displacement of the shaft, and that due to negligence in her treatment at the school hospital there had been an extreme absorption of the neck of the right femur. It became necessary for the appellant to undergo a serious operation and at the time of the filing of her proposed claim she was still under treatment with what is apparently an incurable and permanent total disability of her right leg and hip.

The Court of Claims has held that she has established no claim against the State except her right to workmen's compensation from the State. During the early stages of her illness and prior to the time that the appellant had been advised of the alleged negligence of the State and the alleged malpractice of the employees of the State, she had filed a claim for workmen's compensation, and apparently has received an award, but both the filing of such claim for workmen's compensation and the award were based on the school hospital diagnosis of this injury.

The State contends, and the Court of Claims has held, that her remedy is solely one under the Workmen's Compensation Law (Court of Claims Act, § 8), but the appellant contends that she has two remedies, each distinct from the other, (1) to claim workmen's compensation for her initial injury only; and (2) to pursue a claim against the State for reimbursement for the result of the alleged negligence of the State and its employees in the diagnosis and treatment of her injury. Injuries to an employee of the State and incident to and in the course of such employment are covered for the benefit of the employee by the Workmen's Compensation Law (art. 1, § 2, subd. 3; § 3, subd. 1 [Group 16]).

The questions involved here are briefly stated: (1) May the alleged negligence and/or malpractice be separated from the original injury of slipping on the floor; and (2) if there may be such a separation, is there liability on the part of the State for such alleged negligence and/or malpractice at the State school hospital. Answer is made to these questions in the inverse order.

Section 8 of the Court of Claims Act is quoted as follows: " The State hereby waives its immunity from liability and action and hereby assumes liability and action and consents to have the same determined in accordance with the same rules of law as applied to actions in the Supreme Court against individuals or corporations, provided the claimant complies with the limitations of this article. Nothing herein contained shall be construed to affect, alter or repeal any provision of the Workmen's Compensation Law."

By the adoption of such section the State places itself, as to those making claims against the State, in the same position as a private individual or a corporation would be for his or its negligence. (Court of Claims Act, § 8; *Liubowsky* v. *State of New York*, 260 App. Div. 416; affd., 285 N. Y. 701; *Turack* v. *State of New York*, 259 App. Div. 1105; affd., 285 N. Y. 737.)   The State is bound not only by the duty of not neglecting its administration functions to provide proper facilities and competent employees (physicians and nurses) (See *Schloendorff* v. *New York Hospital*, 211 N. Y. 125), but further has made itself responsible for the negligence of such employees, apparently even though the employees are physicians and nurses.   (See *Liubowsky* v. *State of New York, supra; Turack* v. *State of New York, supra; Torrey* v. *State of New York*, 175 Misc. 259, 262.)   The question as to whether the State would be liable in negligence to the claimant if she had suffered from negligence from which she claims she suffered at the State school hospital, must be answered in the affirmative unless the provisions of the Workmen's Compensation Law and the Court of Claims Act stand as a bar to such claim.   Section 8 of the Court of Claims Act provides, in part, " Nothing herein contained shall be construed to affect, alter or repeal any provision of the Workmen's Compensation Law."   The Workmen's Compensation Law (§ 11) provides, " The liability of an employer prescribed * * * shall be exclusive and in place of any other liability whatsoever, to such employees * * *."   Now comes the question as to whether the incident of July 15, 1940 (the initial injury), and the later occurrence of alleged malpractice and negligence may be regarded as separate in so far as the remedies of the proposed claimant (the appellant herein) exist.   The State argues that whatever flows from the original injury is to be considered in connection

with, and a part of, the original injury, and that, therefore, there can be but one claim by the appellant against the State and one remedy, to wit, the application of the provisions of the Workmen's Compensation Law, a remedy which it is to be conceded the appellant has pursued in reference to her initial injury. It is the law of this State that one who suffers physical injury from the negligence of another and on account of such injury has the necessity put upon himself to undergo medical or surgical treatment, once he seeks redress against the author of his original injury, can secure from such author of the original injury full redress both for the original injury and that having sought such redress against such author, he may not proceed against the one guilty of malpractice. (*Milks* v. *McIver*, 264 N. Y. 267; *Matter of Parchefsky* v. *Kroll Bros., Inc.*, 267 id. 410, 412.) To justify the position of the State herein, we must assume that this proposition last above stated has, as a necessary corollary, a rule that pursuit may not be had against the persons guilty of malpractice for the result of such malpractice. Such corollary does not exist. (*Matter of Parchefsky* v. *Kroll Bros., Inc.*, 267 N. Y. 410.) If the proposed claimant at the time of the original injury had gone to a physician outside of the school hospital, and of her own choosing, and he had been guilty of malpractice in treatment of her, she would have had a separate remedy against such physician providing she had not pursued such remedy against the State, the author of her original injury. (*Matter of Parchefsky* v. *Kroll Bros., Inc., supra;* Workmen's Compensation Law, § 29.) Here we have the claim made that both the original injury and the negligence as to the failure of the employer in its duty as to such injury arose from the same author, and it is fair to say that, if the negligence or malpractice may be regarded as an injury, or part of any injury, incident to and arising out of the course of employment, then the proposed claimant (the appellant herein) is bound to only one remedy, that is under the Workmen's Compensation Law. But the alleged negligence in so far as provision for diagnosis and treatment of the injury was concerned, cannot be said to have arisen out of the employment. It could be the fate of any one, no matter how or where injured. (*Matter of Parchefsky* v. *Kroll Bros., Inc.*, 267 N. Y. 410; *Volk* v. *City of New York*, 284 id. 279, 284.)

The facts set forth in the claim sufficiently raise the question of the State's negligence in failing to provide proper facilities and competent physicians for the treatment of the claimant and the negligence and malpractice of the physician furnished by the State for the care and treatment of the claimant. There was a showing of facts sufficient to entitle the claimant to an order per-

mitting the presentation and filing of her claim as requested. The cause of action set forth in the claim is entirely independent and distinct from the claim for which claimant has recovered compensation.

The order appealed from should be reversed and the matter remitted to the Court of Claims with a direction to grant the motion.

All concur, except CROSBY, P. J., and McCURN, J., who dissent and vote for affirmance on the ground that the doctrine of *respondeat superior* does not apply in this case. The services of the doctors, who made a bad diagnosis of claimant's injury, were performed in a professional, rather than an administrative capacity, and the hospital was not a private one, serving for profit. The case falls within the class of cases mentioned in the opinion in *Dillon* v. *Rockaway Beach Hospital* (284 N. Y. 176, 180) and also in the opinion in *Volk* v. *City of New York* (Id. 279, 284). Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law, without costs of this appeal to either party, and matter remitted to the Court of Claims with directions to grant the motion.