—Judgment affirmed, with costs. Memorandum: The claimant, an inmate of Attica State Prison, was injured. He reported for medical care to the physician in charge. He received no medical or surgical treatment but, on the contrary, was continued on heavy work. His plight was brought to the attention of the warden of the prison as well as to the physician in charge, but without avail. He was discharged at the end of his term in a permanently disabled condition. The State does not contend that there was no negligence but takes the position that the negligence of the physician may not be imputed to the State; that the rule of respondeat superior is not applicable. It is our opinion that section 8 of the Court of Claims Act not only waived the State’s immunity to suit and liability, but also made applicable the rule of respondeat superior to all officers, servants, agents and employees of the State, including, physicians. (Robison v. State of New York, 263 App. Div. 240 ; 266 App. Div. 1054, affd. 292 N. Y. 631, and eases cited.) It is also our opinion that the negligence here found was the failure to perform an administrative duty; that the failure to provide medical or surgical care and treatment was neglect of a duty imposed by law. Such duty is specifically enjoined upon the Commission of Correction by subdivision 5 of section 46 of the Correction Law, viz., to “ protect and preserve the health of the inmates ”. That duty was upon the Warden who was appointed by the Commissioner of Correction and upon the physician in charge who was appointed by the warden. The record shows a nonfeasance of an administrative duty enjoined by law, not merely malpractice of the physician in charge. The warden, as well as the physician in charge, was an officer and employee of the State, and it is clear he failed to carry out the mandate of the Legislature to protect and preserve the health of one who was without right or power to help himself. All concur. (Appeal from a judgment for claimant on a claim for damages for personal injuries alleged to have been sustained by reason of negligent medical treatment in prison.) Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.