Dorothea E. Donaldson, J.
The defendant, the State of New York, maintains in this claim for damages, as a result of its alleged negligence, that, since claimant Marie E. Sivertsen was *979 in its employ at the time of accident and was insured under the provisions of the Workmen’s Compensation Law, the sole remedy lies within .the provisions of that act. (§ 29, subd. 6.) The claim, timely filed, sues for damages for personal injuries sustained by claimant Marie E. Sivertsen and for medical expenses and loss of services sustained by claimant Ivar Sivertsen, her husband. Claim has not been assigned or submitted to any other tribunal for audit or determination.
On October 3,1961 claimant Marie E. Sivertsen was employed at the Creedmoor State Hospital, Institute for Psychobiological Studies, as an animal caretaker and laboratory aide at wages of $65.39 per week. Since January, 1961, she had performed services for one doctor in the morning and for another doctor in the afternoon in Building H of said hospital. On this day after completion of the morning assignment and while at lunch on the premises with fellow employees, claimant became ill. One of her associates received permission for her to leave the premises and to forego her afternoon assignment. Upon advice, Mrs. Sivertsen decided to receive medical attention at the infirmary of the hospital, whereupon a nurse in Building H summoned a doctor following which an ambulance was called to transport claimant to the infirmary in Building 40.
When the stretcher came, claimant Marie Sivertsen lay down on the stretcher, was carried down approximately two flights of stairs with its intervening landing to the outside of the building to the waiting ambulance. As the stretcher was being lifted into .the ambulance, the right guardrail of the stretcher broke, tipping the stretcher so that claimant fell to the ground and received injury. Mrs. Sivertsen was returned to the stretcher, was placed in the ambulance, removed to Building 40, received medical advice in the clinic, and later that day was driven home by her husband.
At the clinic in Building 40, claimant’s right side was X-rayed and cardiogram was taken. The injuries recorded were to the right side of the body, right shoulder and rib cage.
Upon arrival at home, since Mrs. Sivertsen had intensive pain in the back of the head and right side of the chest as well as a lump on her head and complaints of pain in the lower right back, claimant’s husband Ivar S. Sivertsen called Dr. Robbins who prescribed medication and requested X rays.
X-ray reports revealed fractures of the right seventh and eighth ribs with minimal displacement of fragments and no fracture of the right scapula.
The stretcher bearers were the driver of the ambulance, who was an employee of the defendant, the State of New York, at *980 Creedmoor State Hospital, and two male patients at Creedmoor State Hospital as assistants. The ambulance driver was a substitute who ‘ ‘ filled in ’ ’ when needed, as one of his varied duties. The wheeled stretcher had guardrails on the long side which, when raised, reached an elevation of approximately one foot above the stretcher bed and, when not in use, pivoted to fall below the stretcher bed. These rails were approximately two feet in length, did not traverse the entire length of the stretcher and were located at the approximate center of each long side.
The ambulance driver testified that, at the time of the tipping of the stretcher, he was at the left side of the stretcher with the assistants at the right side and at the foot, the guardrail on the right side separated from it and remained in the hand of the assistant, one of the male patients, because that section of the guardrail had split open the swivel collar that fitted around the base of the rail. He also testified that he had not inspected the stretcher before it was used and that, since he was not regularly assigned as an ambulance driver, it was not his duty to inspect .the vehicle or the stretcher.
In order for the provisions of the Workmen’s Compensation Law to be controlling (§ 11), it is necessary that claimant’s injuries arise both “ out of” and “ in the course of” her employment. (Matter of Heitz v. Ruppert, 218 N. Y. 148; Matter of Littler v. Fuller Co., 223 N. Y. 369.) While it is contended by claimant that she had dual and separate employment because her work assignments were with two different doctors, the record discloses that she was on one payroll as an employee of the Creedmoor State Hospital, that she was employed to work in one building and that there was, in fact, no separate or dual employment. Claimant likewise contends that since she had received permission to leave her employment prior to the stretcher episode, her employment relationship had terminated at the time such permission was granted. It has long been held that the provisions of the Workmen’s Compensation Law can apply when the accident occurs on the employer’s premises even though the employment hours had terminated. The stretcher injury did occur “ in the course of ” employment.
Claimant’s initial illness was not caused by any condition of claimant’s employment with her employer. The subsequent injury resulting from .the stretcher episode was a risk not a part of or incidental to claimant’s employment. It was a risk to which anyone receiving like treatment at the hospital would have been subjected. The occurrence of the injury was not made more likely by the fact of her employment. (Volk v. City of *981 New York, 284 N. Y. 279.) It must be concluded that the stretcher injury did not arise ‘ ‘ out of ’ ’ employment. Therefore, the provisions of the Workmen’s Compensation Law are not applicable.
It has been held in Wojcik v. Aluminum Co. of America (18 Misc 2d 740, 742) that “ The statute [Workmen’s Compensation Law] does not foreclose an employee from maintaining an action at common law to recover damages for the employer’s tortious acts committed during the course of the employment when such acts are outside the contemplation and coverage of the Workmen’s Compensation Law.” It must then be determined whether, since the stretcher episode was separate from claimant Marie Sivertsen’s initial illness on October 3, 1961, there is liability on the part of the State. The hospital authority is legally responsible to patients for the due performance of their servants within the hospital of their purely ministerial or administrative duties, such as, for example, attendance of nurses in the wards, the summoning of medical aid in cases of emergency, the supply of proper food, and the like. (Hillyer v. Governors of St. Bartholomew's Hosp., [1909] 2 K. B. 820.) The summoning of the ambulance and of the stretcher, with its bearers, was an emergency. The hospital authority must necessarily be as responsible to its employees at the time of emergency as to its patients. For, by extending the services of an infirmary to its employees, it classifies such employees as prospective patients. It therefore must extend to such an employee the same duty and care as is extended to a patient. An extension of this principle was stated by Judge Cardozo of the court in Schloendorff v. New York Hosp. (211 N. Y. 125, 129): “It is, therefore, also a settled rule that a hospital is liable to strangers, i.e., to persons other than patients, for the torts of its employees committed within the line of their employment. (Kellogg v. Church Charity Foundation, 203 N. Y. 191; Hordern v. Salvation Army, [199 N. Y. 233].) ”
The defendant contends that no administrative dereliction on the part of the hospital has been proven. Failure to require examination and inspection of equipment used in its regular course of business, at the time of such use, whether or not an emergency exists, is sufficient proof of such dereliction. In addition, the use of male patients committed to the confines of a State hospital as assistant stretcher bearers does not in and of itself prove that they have been properly trained in the duties of such assignment and exposes stretcher patients to a hazard not normally anticipated. These acts constitute action *982 able negligence and renders the defendant, the State of New York, liable. Claimants, being free from contributory negligence, are entitled to awards.
No claim is made on behalf of the claimant for damages resulting from a difference in medical opinion relative to diagnosis of the injuries sustained as a result of the stretcher episode.
No medical proof of causal relationship to subjective complaints or objective findings subsequent to claimant’s, last visit to a physician following the incident of this claim has been submitted. The medical complaint of December, 1961 and for the following months is not alleged to be causally related to the accident of this claim.'
Claimant did not. return to her' employment with Creedmoor State Hospital and has secured ■ other employment. Claimant claims loss of wages from October 4, 1961 to December 5, 1961 in the sum of $523.12, less previous payments made.
Claimant Ivar Sivertsen has paid medical bills in the amount of $156. There is no proof of payment for medication, or for nursing services. -
Accordingly, claimant Marie Sivertsen is awarded damages in the amount of $3,523.12, including loss of wages, less previous payments made, and claimant Ivar Sivertsen. is awarded the sum of $906 for damages, including medical expenses.