■ MARIE E. SIVERTSEN et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 39986.) — HERLIHY, J. The State appeals from a judgment awarding damages in a personal injury claim. The claimant, Marie E. Sivertsen, was injured on the employer's premises as the result of a fall from a stretcher owned by the employer and under the supervision of a coemployee. On October 3, 1961 while having luncheon in the hospital, together with other employees, she became faint and dizzy and was given permission to leave for the remainder of the day. At the same time another employee called a nurse who, after a cursory examination, summoned a doctor who, in turn, directed that the claimant, instead of going home, be taken to the infirmary in an adjacent building within the hospital compound. A hospital ambulance arrived, operated by a substitute driver and accompanied

by two patients acting as attendants. The claimant was placed on a stretcher and carried to the waiting ambulance where in the course of lifting the stretcher, the right guardrail broke catapulting the claimant onto the pavement. Some time thereafter her personal physician discovered that as a result of the fall, she had suffered several fractured ribs. The fact that initially the claimant felt faint and there was some evidence that because of this she was given permission to be absent for the remainder of the day is not sufficiently separate in time or place to take the resulting stretcher accident out of the intent and purpose of the Workmen's Compensation Law. (See *Olmsted* v. *Teal*, 275 App. Div. 887; *Kunze* v. *Jones*, 6 A D 2d 888, affd. 8 N Y 2d 1152; *Bradley* v. *Frazier*, 17 A D 2d 235, affd. 14 N Y 2d 552.) Our decision does not preclude or foreclose any right the claimant may have under the Workmen's Compensation Law, provided she has otherwise complied with the requirements of the said law (e.g., § 18). Judgment reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur. [43 Misc 2d 978.]