## Savage *v.* Jefferson Medical College Hospital, et al.

Argued October 3, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*John F. McElvenny*, with him *Henry F. Furman* and *Frederick W. Anton, III*, for appellants.

*George A. D'Angelo*, with him *Michael C. McManus* and *Truscott and Erisman*, for appellee.

OPINION BY JUDGE MENCER, December 18, 1972:

This is a workmen's compensation case. The question is whether the workmen's compensation insurance carrier for the employer can claim subrogation rights, under Section 319 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §671, in a fund of money resulting from settlement of a lawsuit based upon the employe's being negligently injured by the employer subsequent to the on the job accident that caused the employe's compensable injury.

Beatrice Savage, an employe of the Jefferson Medical College Hospital, suffered a compensable injury when, in the course of her employment as a secretary, she fell, on January 11, 1965, and sustained a transcervical fracture of the left hip. Miss Savage (Savage) was admitted to the Jefferson Medical College Hospital (Jefferson) and, on January 12, 1965, a successful operation was performed relative to the fracture. All of the medical evidence in the record established that she would have been able to return to work and perform her employment duties in nine to twelve months from the date of the operation. However, such was not to be her experience. On February 9, 1965, when she was being returned from physical therapy, she was dropped into her bed and her left hip was dislocated anteriorly with the head of the femur out of the socket, but her original fracture was not damaged. Then on March 11, 1965, in the course of her treatment, when she was being given a whirlpool bath, her hip again dislocated. The original fracture healed completely but, because of the two injuries sustained while a patient at Jefferson, Beatrice Savage became permanently disabled.

An open compensation agreement was entered into on February 10, 1965, under which Savage was paid compensation at the rate of $46 per week, beginning January 18, 1965. In March 1966 Savage filed an action in trespass against Jefferson for damages arising out of the injuries which she received while a patient in the hospital. This action was settled by the liability insurance carrier for Jefferson for the sum of $27,500.

Jefferson, through its compensation insurance carrier, then petitioned the Workmen's Compensation Board to suspend the compensation agreement, for the reason that Savage's recovery from Jefferson's liability carrier precluded any further payments. Jefferson claims it is entitled to a credit against future weekly compensation payments of $14,710 under the provisions of Section 319 of The Workmen's Compensation Act, as amended, 77 P.S. §671. Jefferson asserts that it, as employer, is subrogated to the rights of the employe against Jefferson as a third party tortfeasor to the extent of the compensation paid and payable by it to Savage.

The referee granted the petition to suspend compensation payments and ordered that Jefferson be credited with the sum of $14,710 against future weekly compensation payments. Upon appeal, the Board vacated the referee's order and entered its order dismissing Jefferson's petition. Jefferson and its insurance carrier appealed to the Court of Common Pleas of Philadelphia County and that Court affirmed the Board. The appeal to this Court followed.

The appellants here rest their case upon Section 319 of The Workmen's Compensation Act, as amended, 77 P.S. §671, which reads in part as follows: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . against

such third party to the extent of the compensation payable under this article by the employer. . . ." Jefferson argues that under this section it is subrogated to the right of its employe against itself (Jefferson) relative to the trespass action grounded upon negligence.

The lower court's opinion and the arguments made in this appeal center upon the application of equitable principles to the unusual and unique fact situation of this case and upon whether Jefferson can be, under the facts prevailing here, both the employer and third party referred to in Section 319. However, we have found no case, nor has our attention been invited to one, where the subrogation rights of Section 319 have been held applicable to the employe's right against a third party where that right arose from new and different injuries inflicted upon the employe subsequent to the injury which he sustained by accident within the course of his employment.

The subrogation rights of Section 319 are limited to "[w]here the compensable injury is caused in whole or in part by the act or omission of a third party. . . ." Section 301(a), as amended, of The Workmen's Compensation Act, 77 P.S. §431, provides that the three conditions precedent to recovery of compensation are (1) an injury (2) by accident (3) in the course of employment. These three conditions were admittedly present in connection with Savage's fall at work on January 11, 1965 and the injuries sustained as a consequence of that fall. This was a *compensable injury* under The Workmen's Compensation Act.

Were the subsequent injuries resulting from the negligent acts of Jefferson while Savage was a patient in the hospital compensable injuries under The Workmen's Compensation Act, or were they, under the decided cases, only the basis of an extension of compensation if there was a causal connection between the initial accident, the treatment, and the resulting further in-

jury? *See Baur v. Mesta Machine Company,* 393 Pa. 380, 143 A. 2d 12 (1958) ; *McAvoy v. Roberts & Mander Stove Company,* 173 Pa. Superior Ct. 516, 98 A. 2d 231 (1953). Where an employer is liable for an injury which impairs the physical condition of the employe, he is also liable for *compensation of injury* received in a subsequent accident which would not have occurred if the employe's physical condition had not been impaired in the first accident. *Gower v. Mackes,* 184 Pa. Superior Ct. 41, 132 A. 2d 880 (1957).

The crucial factor in the present case is that Miss Savage's injuries in the hospital were new and independent injuries and were not an aggravation or extension of her injury sustained in her fall. The compensable injury here was the transcervical fracture of the left hip caused by her fall at work. This compensable injury was not caused in whole or in part by the act or omission of a third party and therefore no subrogation rights accrued to the employer. The additional and *different injuries* received at the hospital and caused by Jefferson's negligence cannot be construed as being "injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer. . . ." Section 301(c) of The Workmen's Compensation Act, as amended, 77 P.S. §411.

The Pennsylvania Workmen's Compensation Act does not support the contention of the employer Jefferson that the new and different injuries sustained by Savage from the negligence of tort-feasor Jefferson were compensable injuries occurring in the course of employment.

The employer's right of subrogation was the result of a consideration of justice and was well expressed in *Stark v. Posh Construction Company,* 192 Pa. Superior Ct. 409, 162 A. 2d 9 (1960), as follows:

"Prior to the workmen's compensation statute an employer was liable only for his negligence, and he

had several defenses to common law actions brought by his employes. That statute created new liabilities upon the employer who was given in return a definite, fixed, limited liability set forth in the Workmen's Compensation Act. He was thereby freed from the indefinite, practically unlimited liability which could be imposed by a common law trespass action were he negligent.

"Justice required a further consideration: What was to happen if the employe was injured by the negligent act of a third party? The third party should not be relieved of its liability for its negligence; *the injured person should not recover double for the same damage;* the employer should not be financially damaged by being compelled to pay compensation to his employe made necessary by the negligence of the third party. Therefore, the Workmen's Compensation Act provided from its beginning that an employer should be entitled to subrogation to the extent of his compensation payments, which, of course is the same amount that the injured employe should not be entitled to receive because it would be double payment, and that the third party should be required to pay because his negligence caused the injury." 192 Pa. Superior Ct. at 415-16, 162 A. 2d at 12 (emphasis supplied).

Here Jefferson and its compensation carrier assert that failure to remit to them amounts paid even prior to the second and third injuries, and therefore attributable totally to the first accident, would be to allow Savage a double recovery. This contention is specious and totally without merit. Payments under The Workmen's Compensation Act represent the exclusive and sole remedy and relief for Savage for her injuries resulting from her first accident. An employe is barred from suing his employer only with respect to injuries which bring him within the provisions of The Workmen's Compensation Act. *Scott v. C. E. Powell Coal*

*Company*, 402 Pa. 73, 166 A. 2d 31 (1960). The settlement between Savage and Jefferson were for new and different injuries resulting from the second and third accidents and this record does not disclose that it encompassed the medical and hospital expenses or lost wages attributable to the first accident. The following excerpts from the record of the hearing before the referee, on December 17, 1968, clearly indicate that no double recovery was sought for the employe in this case: "MR. ANTON [attorney for Jefferson]: Can we also stipulate that this action was settled—MR. DEANGELO [attorney for Savage]: For $27,500 through the efforts of her attorney—yes. MR. ANTON: Through the efforts of her attorney—MR. DEANGELO: For the injuries suffered on February 9th and the injuries suffered on March for which no compensable charges were made against the Workmen's Compensation carrier. Yes, we can stipulate to that. MR. ANTON: And can we stipulate that the $27,500 was paid by the Hartford Accident and Indemnity Company on behalf of Jefferson Medical College? MR. DEANGELO: That's correct, the defendant in those proceedings." . . . "CROSS-EXAMINATION BY MR. DEANGELO: Q. Mrs. Savage, when you were injured as an employee on January 11, 1965, you made application for workmen's compensation benefits, did you not? A. Yes. Q. You never made any claims for workmen's compensation for the injuries for which you sued the Jefferson Medical College as of Court of Common Pleas No. 6, March Term, 1966, No. 6033? A. No. Q. So that you are not claiming double benefits for those injuries are you? A. Oh, no."

Accordingly, we discern no fund to which appellants may be subrogated and no compensable injury, under the facts of this case, caused in whole or in part by any third party. Therefore, appellants are not entitled to any subrogation rights, under Section 319 of

The Workmen's Compensation Act, as to the settlement fund here.

Order of the Court of Common Pleas of Philadelphia County affirmed.

President Judge BOWMAN dissents.