Warren Heilner, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Aetna Freight Lines, Respondents.

Argued September 29, 1978, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

· *Marc S. Jacobs,* with him *Galfand, Berger, Senesky, Lurie and March,* for appellant.

*Max L. Lieberman,* with him *Howard A. Rosenthal,* and *Pelino & Lentz,* P.C., and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE DISALLE, November 16, 1978:

Warren Heilner (Claimant) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of benefits for an injury suffered while operating a truck owned by Claimant and leased to Aetna Freight Lines, Inc. (Aetna). The referee determined that Claimant was not an employe of Aetna within the meaning of The Pennsylvania Workmen's Compensation Act[1] (Act) and was not, as a result, entitled to benefits. The sole issue before us, therefore, is whether an employer-employe relationship existed between Aetna and Claimant.

Claimant's chief contention on appeal is that the referee capriciously disregarded competent evidence in finding that he was not an employe under the Act,

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

and thereby erred as a matter of law in denying benefits. We note that our scope of review in cases such as this is that defined in Section 44 of the Administrative Agency Law,[2] 71 P.S. §1710.44, which limits this Court to a determination of whether an error of law was committed, constitutional rights were violated, or findings of fact are unsupported by substantial evidence.

There is no question that a claimant must prove the existence of an employment relationship to qualify for compensation under the Act. This determination must be based on the particular facts of each case. The guidelines applicable to such an inquiry are similar to those required for ascertaining the existence of a master-servant relationship. Although numerous factors bear on this determination, the crucial test, without doubt, is whether the alleged employer assumes the right of control with regard not only to the work to be done by the alleged employe, but also to the manner of performing it. *See Grant Builders v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 591, 382 A.2d 783 (1978) and *Workmen's Compensation Appeal Board v. Dupes*, 24 Pa. Commonwealth Ct. 47, 353 A.2d 908 (1976). After a thorough review of the record, we have no difficulty in finding that Claimant was not an employe within the meaning of the Act and was, therefore, properly denied benefits.

The working relationship between Claimant and Aetna was such that Aetna did not exercise any direct control over Claimant in the operation of his truck. Aetna merely notified Claimant as to the location, identity and destination point of cargo. Claimant was free at all times to refuse, without penalty, any work assigned by Aetna. Having accepted an assignment,

---

[2] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

Claimant selected his own routes, subject only to Aetna's requirement that Claimant carry out his work with reasonable promptness. Claimant was permitted to drive his own truck or to hire any other driver so long as applicable federal regulations were followed. The only requirement Aetna imposed, beyond those prescribed by the United States Department of Transportation or the Interstate Commerce Commission, was that the driver of the vehicle be at least 23 years of age, for insurance purposes.

When Claimant accepted an assignment, he retained 75% of the gross revenue generated thereby. Aetna did not withhold any federal or state taxes from Claimant's pay and reported his income to the Internal Revenue Service on Form 1099 rather than on employe form W-2.[3] Indeed, Claimant, in filing his tax returns, indicated that he was a self-employed person and not an employe of Aetna. In addition, Claimant was required to purchase the state registration plates and fuel tax permits for his truck. Although Aetna would occasionally purchase such items for Claimant, Claimant always reimbursed Aetna for the expense.[4]

---

[3] Claimant cites the case of *Workmen's Compensation Appeal Board v. Bond Transport, Inc.*, 22 Pa. Commonwealth Ct. 86, 347 A.2d 788 (1975), in support of his argument. That case is readily distinguishable from the instant case since the chief consideration cited there, in support of the finding of an employment relationship, was the fact that the freight company voluntarily withheld state and federal taxes from claimant's earnings.

[4] Claimant's reliance on *Workmen's Compensation Appeal Board v. Navajo Freight Lines, Inc.*, 19 Pa. Commonwealth Ct. 25, 338 A. 2d 766 (1975), is misplaced. In that case, the vehicle in question was not owned by claimant and had large advertising decals on the truck cab which raised a presumption that the freight company owned the vehicle and that the driver was an employe of the company. In the instant case, the vehicle is owned by Claimant and the small fuel tax permits occasionally purchased by Aetna and affixed to the truck cab's door—which listed Aetna as the applicant therefore—were hardly advertising decals.

498

On the basis of the above, we believe that the referee's findings of fact and the conclusion of law derived therefrom are amply supported by the evidence set forth in the record. Therefore, the Board's affirmance of the referee's denial of benefits must be affirmed.

ORDER

AND Now, this 16th day of November, 1978, the order of the Workmen's Compensation Appeal Board dated October 20, 1977, is hereby affirmed.