425 A.2d 823

**Mary B. TATRAI, formerly Mary B. Fleming, Appellant**

v.

**PRESBYTERIAN UNIVERSITY HOSPITAL.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Feb. 13, 1981.

Petition for Allowance of Appeal Granted May 15, 1981.

Nicholas R. Stone, Pittsburgh, submitted a brief on behalf of appellant.

Robert A. Nedwick, Pittsburgh, for appellee.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant was an employee at Presbyterian Hospital, the appellee herein. On the day in question, May 27, 1975, her employment hours were from 7:00 A.M. to 3:30 P.M. Sometime before 10 A.M., she became ill and was directed by her supervisor to go to the emergency room of the hospital to seek medical attention. She reported there. While on the X-ray table, she was injured when the foot stand of the table became loose, causing her to fall.

Appellant filed a complaint in trespass and assumpsit against the hospital alleging negligence and a breach of warranty of the safety of appellee's equipment and services. Appellee filed an answer alleging as New Matter that at the time of the various incidents appellant was an employee whose exclusive remedy is under the Pennsylvania Workmen's Compensation Act. Appellant's reply averred that she was a patient at the time of her injury and that she was not acting in the scope of her employment.

Appellee's Motion for Summary Judgment was denied by the lower court on the ground that there was perhaps a factual problem as to whether appellant was required to go to the emergency room and thus "to be present on his employer's premises." The parties went to trial on the basis of an alleged stipulation of the relevant facts, with a further stipulation that the judge should first decide the "threshold question" of whether appellant's exclusive remedy was under the Workmen's Compensation Laws. It was further agreed that if the court ruled in favor of appellant the parties would proceed before a jury; if the court found in favor of appellee then a non-jury verdict was to be entered for appellee. The lower court decided the question in favor of appellee and entered a non-jury verdict in its favor.

Appellant's exceptions were dismissed. The opinion in support of the verdict was adopted by the court en banc. From the order dismissing exceptions, appellant has filed this appeal.

The opinion of the lower court states that the injury was compensable under the Workmen's Compensation Act, and that plaintiff's exclusive remedy was with the Workmen's Compensation Board. The opinion is in part as follows:

"The court concludes that the provisions of § 301(c) of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 411, are dispositive of the issue at bar. That section, in its pertinent part, reads as follows:

'(1) ... The term 'injury arising in the course of his employment,' as used in this article, ... shall include all other injuries sustained while the employe [sic] is actually

engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, [sic] who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the *employe's* [sic] *presence thereon being required by the nature of his employment.*' (Emphasis supplied).

"The parties have stipulated that plaintiff became ill during the course of her employment and that she was directed by her supervisor as to how she should proceed in seeking the medical attention which was rendered by the employer on its premises.

.    .    .    .    .

"It is clear to the court that the medical treatment being afforded to plaintiff was not being afforded to her as a member of the general public seeking the medical services of the hospital, but were being afforded to her instead as an employee by her employer in the normal course of her employment, and that her presence in the particular place on the employer's premises was indeed required. This situation is analogous to that of an employee in a steel mill who might become ill during his work shift. It is not at all uncommon that employers in such industries maintain at least rudimentary health care facilities on the premises to which the employee would report in the normal course to seek first aid or other treatment by other employees of his employer. Surely no one would argue that were such medical services rendered negligently, such negligence would give rise to a common law action of tort against the employer. This court is convinced that in such circumstances, the employee's remedy would be limited to that provided by the Workmen's Compensation Act. The situation here is, to all practical intents and purposes, identical.

"That being the case, and the policy of the law as enunciated in many appellate decisions being to interpret the provisions of the Workmen's Compensation Act liberally in order to provide the broadest possible coverage for employees, this court has no hesitancy in concluding that the injury suffered by plaintiff in the case at bar is compensable under the provisions of the Workmen's Compensation Act. *See: Epler v. North American Rockwell Corporation*, [482 Pa. 391] 393 A.2d 1163 (Pa.Supreme Ct.1978); *Workmen's Compensation Appeal Board v. United States Steel Corporation*, 31 Pa.Cmwlth. 329, 376 A.2d 271 (1977). *Mackey v. Adamski*, No. 3040 October Term, 1979, Court of Common Pleas of Allegheny County, Pennsylvania."

The lower court relied on a number of previous decisions to support its position. In *Epler*, 482 Pa. 391, 393 A.2d 1163, an employee was struck by an automobile as he crossed a public street which linked the employer's plant with its parking lot. The Supreme Court found that the injury had arisen in the course of employment within the meaning of subsection 301(c)(1) since the decedent was "on the employer's premises." "Our cases have consistently recognized that the phrase 'court of employment' is to receive a liberal construction." *Id.*, 482 Pa. at 397, 393 A.2d 1163. "[T]he critical factor is the fact that [the employer] had caused the area to be used by his employees in performance of their assigned tasks. The basis for the compensation is that the employee was in the area where the injury was sustained directly because of his employment." *Id.*, 482 Pa. at 399, 393 A.2d 1163.

*Workmen's Compensation Appeal Board v. United States Steel Corp., supra*, involved a situation in which an employee, whom the employer knew to be inflicted with epilepsy, suffered a seizure while operating his car in the employer's parking lot. His vehicle struck an abutment. The employee died as a result of the injuries he suffered in the accident. The Commonwealth Court found the death compensable under § 301(c)(1). The court noted that the legislation

involved was to be given a liberal construction. "If the condition of the premises or the employer's operation thereon caused the injuries, they are compensable. Obviously, if they were so caused, his injuries . . . were also related to his employment." *Id.* 31 Pa.Cmwlth. at 335, 376 A.2d 271.

"Injuries may be sustained in the course of employment in two distinct situations: (1) where the employee, whether on or off the employer's premises, is injured while actually engaged in the furtherance of the employer's business or affairs, or (2) where the employee although not actually engaged in the furtherance of the employer's business or affairs (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on; (b) is required by the nature of his employment to be present on his employer's premises; and (c) sustains injuries caused by the condition of the premises or by operation of the employer's business or affairs thereon. *Workmen's Compensation Appeal Board v. L. L. Stearns & Sons,* 20 Pa.Cmwlth. 244, 341 A.2d 543 (1975)." *Id.,* 31 Pa.Cmwlth. at 329, 376 A.2d 271.

The lower court did not discuss *Shaffer v. Somerset Community Hospital,* 205 Pa.Super. 419, 211 A.2d 49 (1965) on which the *Epler* court relied. *Shaffer* concerned a nurse who slipped on ice in the hospital's parking lot. The court there found that "[s]he was on the premises of her employer when she was injured. . . . The fact that her actual duties were in the hospital building itself does not affect her right to compensation." *Id.,* 205 Pa.Super. at 422, 211 A.2d 49.

Our recent opinion in *Babich v. Pavich,* 270 Pa.Super. 140, 411 A.2d 218 (1979) also supports in principle the decision of the lower court. In *Babich,* an employee who was required to use the employer's dispensary was prohibited from suing for the negligence of the company's doctor.

Appellant, as in the cited cases was injured on her employer's premises though not at her own working station. Here as in *Shaffer,* her injuries were a direct result of the

conditions in which she encountered the premises.[i]  Here, more so than in *Shaffer, Epler, Babich* or *United States Steel*, the appellant was acting under the direction of her supervisor.[2]  Accordingly, we find no merit to appellant's argument.

Order affirmed.

CAVANAUGH, J., files a concurring statement.

HOFFMAN, J., files a dissenting opinion.

CAVANAUGH, Judge, concurring:

I join in the opinion of Judge Van der Voort.  I believe this case is controlled by *Babich v. Pavich*, 270 Pa.Super. 140, 411 A.2d 218 (1979).  I do not feel that the fact that appellant was being treated as an outpatient in appellee's emergency room and was billed for the medical services, as opposed to being treated by appellee's free Employee Health Service, is sufficient to take this case outside the scope of the Workmen's Compensation Act.

HOFFMAN, Judge, dissenting:

For the reasons which follow, I dissent.

Appellant contends that the lower court erred in concluding that the Pennsylvania Workmen's Compensation Act bars this tort action against her employer because she was in the course of her employment at the time she was injured.  I agree and, accordingly, would reverse the order of the lower court.

Appellant, Mary B. Tatrai, was employed as an operating room technician by appellee, Presbyterian University Hospital.  On May 27, 1975, appellant became ill while working

---

1.  *Babich, Epler,* and the *United States Steel* cases involved situations in which the injuries were indirectly caused by the conditions of the premises: *Babich* dealt with a doctor's negligence; *Epler* involved a public roadway; and *United States Steel* was concerned with a car hitting an abutment.

2.  The employees in the cited cases were all injured either on their way to or from work.

and was directed by her supervisor to go to the emergency room. This was contrary to established hospital procedures, as ill or injured employees are ordinarily treated at the hospital's free Employee Health Service. In the emergency room, appellant received medical attention from a staff physician who ordered diagnostic x-rays. Appellant, who was placed on an x-ray table, fell from the table when a foot stand became loose and/or broke away while the table was being rotated to an upright position. Appellant received a full day's pay and was billed for the services rendered by appellee. Appellant then commenced this action in trespass and assumpsit. Appellee asserted that the action was barred under the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1, *et seq.* (the Act). After appellee's motion for summary judgment was denied, the parties entered into a stipulation of facts which provided, *inter alia,* that the lower court was to rule preliminarily upon the applicability of the Act. Concluding that the Act provided the exclusive remedy, the lower court entered a non-jury verdict for appellee. Upon the denial of exceptions, appellant filed this appeal.

The majority concludes that the Act provides an exclusive remedy and, therefore, bars appellant's action.[1] I disagree. The majority's conclusion is based upon the inappropriate analogy of a factory worker who becomes ill during his shift and who uses the health care facilities furnished by the employer, only to be further injured by the negligent treatment administered to him.[2] In those circumstances, the injured employee cannot bring a common law action against

1. 77 P.S. § 481(a) provides, in pertinent part:
     The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes ... otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) ....

2. *See, e. g., Baur v. Mesta Machine Co.,* 393 Pa. 380, 143 A.2d 12 (1958); *Vogel v. Jones & Laughlin Steel Corp.,* 221 Pa.Super. 157, 289 A.2d 158 (1972).

his employer. That result is proper because the only duties owed are those of employer to employee, and there is no reciprocal expectation on the part of the parties that the employer would provide the medical services to the employee absent the employment relationship. *See D'Angona v. County of Los Angeles,* 27 Cal.3d 661, 668 n.6, 613 P.2d 238, 243 n.6, 166 Cal.Rptr. 177, 182 n.6 (1980); *Garcia v. Iserson,* 33 N.Y.2d 421, 423, 309 N.E.2d 420, 421–22, 353 N.Y.S.2d 955, 957 (1974). In this case, however, the employer holds itself out to the public as a provider of medical services. Consequently, the parties occupy different roles, and the employer assumes new duties, which I believe, are enforceable in an action at law.[3]

In *D'Angona v. County of Los Angeles, supra,* the plaintiff contracted, in the course of her employment, a disease which was exacerbated by negligent treatment provided by doctors at the hospital where she worked as a physical therapist. The trial court dismissed the action on the ground that the court lacked subject matter jurisdiction. In reversing, the California Supreme Court stated:

> In treating plaintiff's disease the county owed her a duty separate and distinct from its duty as her employer, and this was the duty to provide medical care free of negligence—the same duty that it owes to any member of the public who becomes a patient at its hospital. The fact that the county allegedly breached this obligation by

3.  In *D'Angona v. County of Los Angeles, supra,* 27 Cal.3d at 667, 613 P.2d at 242, 166 Cal.Rptr. at 181, the court stated the applicable test: [T]he decisive test of dual capacity is whether the nonemployer aspect of the employer's activity generates a different set of obligations by the employer to the employee. Thus, since a doctor's obligation toward his patient arises because he undertakes to render medical treatment, if he treats an employee rather than paying another for treatment he should be liable as a doctor rather than as an employer. (2A Larson, Workmen's Compensation Law (1976) *supra,* § 72.80, pp. 14–117, 14–118.) The same rule should apply, according to Larson, to a carrier which, instead of paying for medical treatment, directly performs such services. (Larson, *Workmen's Compensation Insurer as Suable Third Party* (1969) Duke L.J. 1117, 1136.)

employing negligent doctors rather than by some other purportedly negligent act did not absolve it of its responsibility to assure that the medical care which it directly undertook to provide was performed without negligence. 27 Cal.3d at 669, 613 P.2d at 243–44, 166 Cal.Rptr. at 182. In *Duprey v. Shane*, 39 Cal.2d 781, 249 P.2d 8 (1952), the plaintiff injured her neck at the clinic where she worked and was negligently treated by a staff physician resulting in further disability. The court, affirming on the opinion of the lower court, stated:

> It is true that the law is opposed to the creation of a dual personality, where to do so is unrealistic. But where, as here, it is perfectly apparent that the person involved— Dr. Shane—bore towards his employee two relationships— that of employer and that of a doctor—there should be no hesitancy in recognizing this fact as a fact. Such a conclusion, in this case, is in precise accord with the facts and is realistic not legalistic. We conclude, therefore, that an employee injured in an industrial accident may sue the attending physician for malpractice if the original injury is aggravated as a result of the doctor's negligence, and that such right exists whether the attending doctor is the insurance doctor or the employer.

*Id.* at 793, 249 P.2d at 15. *Accord, Reed v. The Yaka*, 373 U.S. 410, 415, 83 S.Ct. 1349, 1353, 10 L.Ed.2d 448, 452 (1963); *Smith v. Metropolitan Sanitary District of Greater Chicago*, 77 Ill.2d 313, 33 Ill.Dec. 135, 396 N.E.2d 524 (1979); *Vesel v. Jardine Mining Co.*, 110 Mont. 82, 100 P.2d 75 (1940); *Guy v. Arthur H. Thomas Co.*, 55 Ohio St.2d 183, 378 N.E.2d 488 (1978); *Mercer v. Uniroyal, Inc.*, 49 Ohio App.2d 279, 361 N.E.2d 492 (1976).

Recently the Supreme Court of Ohio held that a hospital which provides negligent treatment to its employees can be liable in tort. In *Guy v. Arthur H. Thomas Co., supra* at 186, 378 N.E.2d at 490 (citations omitted), the court observed that "[i]mplicit [in the policies underlying workers' compen-

sation] is the concept that workers' compensation statutes relate generally to the legal connection or relationship between employer and employee.... In juxtaposition, where the employer-employee relationship does not exist, workers' compensation has not been found to affect the right of a workman to sue a third-party tortfeasor for injuries received in the course of his employment through negligence." Thus, the court concluded that the mere fact that the negligent hospital was also the employer would not be sufficient to shield it from common law liability.[4] *Accord, D'Angona v. County of Los Angeles, supra* at 666, 613 P.2d at 242, 166 Cal.Rptr. at 181; *Duprey v. Shane, supra,* 39 Cal.2d at 793, 249 P.2d at 15.

I would hold that appellee is liable at common law. Our cases likewise recognize that the employment relationship is a critical factor in determining the scope and applicability of the Pennsylvania Workmen's Compensation Act.[5] Moreover,

**4.** The court thus explained:

We find the logic expressed in *Duprey, supra,* and *Reed, supra,* to be compelling and applicable herein. Appellee's argument is that Ohio's workers' compensation requires us to ignore the fact that appellee hospital was not only the employer of appellant, but also the treating hospital and, as such, charged with the obligations that arise in a hospital-patient relationship. The anomalous result urged by appellee is that the workers' compensation laws of Ohio require appellee hospital's liability to be distinguished upon whether the malpractice that aggravates a compensable injury was bestowed upon its hospital employee or any other hospital's employee, or for that matter, another's employee. The appellee hospital, with respect to its treatment of appellant, did so as a hospital, not as an employer, and its relationship with the appellant was that of a hospital patient with all the concomitant obligations. Furthermore, it is not denied that, if appellant's compensable injury had been aggravated by any other hospital, appellant would have had a cause of action for malpractice. We find no compelling reason why an action should be less viable merely because the traditional obligations and duties of the tortfeasor spring from the extra-relational capacity of the employer, rather than a third party. 55 Ohio St.2d at 189, 378 N.E.2d at 492.

**5.** *See, e. g., Holbrook v. City of Wilkes-Barre,* 309 Pa. 586, 164 A. 719 (1933); *Sgattone v. Mulholland & Gotwalls,* 290 Pa. 341, 138 A. 855 (1927); *Stewart v. Uryc,* 237 Pa.Super. 258, 352 A.2d 465 (1975); *Heilner v. Workmen's Compensation Appeal Board,* 38 Pa.Cmwlth. 494, 393 A.2d 1085 (1978).

the Act provides that an injured employee may sue third parties who caused his injuries. 77 P.S. § 481(b). Thus, an injured employee may maintain an action in Pennsylvania against the physician who negligently treats an industrial injury. *See, e. g., Howard v. Berg,* 86 Pa.D. & C. 358 (C.P. Allegheny County 1953). It would be anomalous, indeed, to deny appellant a remedy at law for the negligence visited upon her when she was treated as a paying patient in an emergency room open to the general public, rather than as an employee in the free Employee Health Service. Therefore, I would hold that the Act does not bar appellant's action at common law. *See Savage v. Jefferson Medical College Hospital,* 7 Pa.Cmwlth. 35, 40, 298 A.2d 694, 696 (1972); *Harris v. Uniontown Hospital,* 72 Pa.D. & C.2d 132, 134 (C.P. Fayette County 1975).

Even if we were not to adopt the dual capacity doctrine, there is substantial authority to support a conclusion that appellant's injuries were not suffered in the course of her employment. *See Volk v. City of New York,* 284 N.Y. 279, 283, 30 N.E.2d 596, 597 (1940) (administration of an impure drug was not a risk incidental to nurse's employment);[6] *Stevens v. County of Nassau,* 56 App.Div.2d 866, 392 N.Y. S.2d 332, 333 (1977) (medical malpractice action by food service worker whose broken arm became permanently deformed as a result of negligent treatment in the emergency room); *Robison v. State,* 263 App.Div. 240, 244, 32 N.Y.S.2d 388, 392 (1942) (medical malpractice action by state school hospital employee whose leg and hip injury was misdiagnosed), *aff'd,* 266 App.Div. 1054, 45 N.Y.S.2d 725 (1943),

---

**6.** *Volk* was overruled on its facts only in *Garcia v. Iserson, supra* 33 N.Y.2d at 423, 309 N.E.2d at 421–22, 353 N.Y.S.2d at 957, because the court in *Volk* erroneously assumed that the nurse's dispensary was open to the public. The New York cases still hold that where the injury to the hospital employee arises from medical services generally offered to the public, the employee may sue in tort. *Sivertsen v. State,* 19 N.Y.2d 698, 225 N.E.2d 572, 278 N.Y.S.2d 886 (1967) (cited favorably in *Garcia*). *See also D'Angona v. County of Los Angeles, supra* at 668, n.6, 613 P.2d at 243 n.6, 166 Cal.Rptr. at 182, n.6.

*aff'd*, 292 N.Y. 631, 55 N.E.2d 506 (1944). In a somewhat analogous case, the New York courts allowed a common law tort action against the employer when the employee, who had become dizzy at work, was injured when she fell from a stretcher while being taken to the general infirmary. *Sivertsen v. State*, 19 N.Y.2d 698, 225 N.E.2d 572, 278 N.Y.S.2d 886 (1967). In that case, the trial court stated:

> Claimant's initial illness was not caused by any condition of claimant's employment with her employer. The subsequent injury resulting from the stretcher episode was a risk not a part of or incidental to claimant's employment. It was a risk to which anyone receiving like treatment at the hospital would have been subjected. The occurrence of the injury was not made more likely by the fact of employment (*Volk v. City of New York*, 284 N.Y. 279, 30 N.E.2d 596). It must be concluded that the stretcher injury did not arise "out of" employment. Therefore, the provisions of the Workmen's Compensation Law are not applicable.
>
> ... The summoning of the ambulance and of the stretcher, with its bearers, was an emergency. The hospital authority must necessarily be responsible to its employees at the time of emergency as to its patients. For, by extending the services of an infirmary to its employees, it classifies such employees as prospective patients. It therefore must extend to such an employee the same duty and care as is extended to a patient. . . .

*Sivertsen v. State*, 43 Misc.2d 978, 980, 252 N.Y.S.2d 623, 626–27 (1964), *rev'd*, 24 App.Div.2d 918, 264 N.Y.S.2d 602 (1965), *rev'd per curiam*, 19 N.Y.2d 698, 225 N.E.2d 572, 278 N.Y.S.2d 886 (1967).

Our Court allowed a common law action in *Del Rossi v. Pennsylvania Turnpike Commission*, 210 Pa.Super. 485, 233 A.2d 597 (1967). There, plaintiff's decedent, a turnpike employee, was fatally injured in an automobile accident while crossing a medial barrier heading away from the maintenance depot where he had been stationed. We held

that his injuries were not received "in the course of his employment" because he was not "on the 'premises' " of his employer at the time of the accident. We specifically noted that "[s]ince the turnpike is a public highway it is important to determine whether the employee's presence was required there by reason of his employment or as a member of the traveling public. See *Eberle v. Union Dental Co.*, 390 Pa. 112, 134 A.2d 559 (1957)." *Del Rossi v. Pennsylvania Turnpike Commission, supra*, 210 Pa.Super. at 490 n.1, 233 A.2d at 600 n.1.

In this case, the hospital emergency room was open to the members of the general public. Appellant's presence was not in furtherance of the affairs of her employer and was not required by reason of her employment. Indeed, appellant was charged for the services which would and should have been rendered for free at the dispensary had normal hospital procedures been followed. Thus, I would hold that appellant's injuries did not arise in the course of her employment. Accordingly, because I believe that appellant has stated a valid claim for relief, I would reverse the order of the lower court.[7]

7. My opinion for the Court in *Babich v. Pavich*, 270 Pa.Super. 140, 411 A.2d 218 (1979), relied upon by the majority, is not to the contrary. In *Babich*, a steelworker injured in the course of his employment was allegedly negligently treated in his employer's free dispensary by the defendant physician. The parties conceded that the steelworker's death was compensable under the Act. *Id.* 270 Pa.Super. at 145, 411 A.2d at 221. The only issue before this Court was whether the defendant physician was a co-employee of the decedent for the purposes of section 205 of the Act, 77 P.S. § 72, and thus immune from tort liability. We held that the steelworker and the physician were co-employees and that the latter, therefore, was immune from suit. If the steelworker's employer had been a defendant, I would agree that it also would be immune. *See* note 2 *supra*. However, as expressed above, I believe that the steelworker-dispensary example is not controlling here because the allegedly negligent services were rendered to a paying patient in the public emergency room rather than to an employee in the free health clinic. Additionally, as previously noted, appellant was directed to the emergency room in violation of hospital rules requiring employees to go to the free clinic. Had the services been rendered in the free clinic, I would agree with the majority in analogizing to the steelworker-dispensary. Such is not the case.