## Silvestri v. Strescon Industries, Inc.

*Herman Bloom,* for plaintiff.
*John Patrick Kelley,* for defendant.

BIUNNO, *J.,* October 28, 1981—Plaintiff, Felice Silvestri, an employee of defendant, Strescon Industries, was injured on the job site during the course and in pursuance of his employment when he fell through a allegedly defective opening in a prestressed concrete slab designed, manufactured and supplied by defendant. Plaintiff has received workmen's compensation benefits from Strescon Industries for the injuries he sustained.

Subsequent to the filing of all the pleadings, defendant moved for summary judgment on the grounds that the Pennsylvania Workmen's Compensation statute, particularly Section 301, is plaintiff's exclusive remedy against his employer and hence that the present action is barred. Plaintiff counters by asking this court to sustain defendant's liability on the basis of the employer's negligence or products liability when the employer acts in a "dual capacity", i.e., when the employer acts as both the statutorily defined employer and as manufacturer of

a product used by the employee. This court, noting that no higher Pennsylvania court has yet ruled on this issue, concludes that plaintiff's claim in the instant case is barred by the Workmen's Compensation Act.

The Pennsylvania legislature in enacting the Workmen's Compensation Act prohibited suits by employees against their employers for injuries sustained in the course of their employment. The Act of Dec. 5, 1984, P.L. 782, §6, 77 P.S. §481(a) provides that: The liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employees . . . on account of any injuries . . . as defined in Section 301(c)(1) . . . . Simply stated, the employer's liability to pay workmen's compensation benefits to the employee is substituted in place of all other liability when an employee suffers injury as defined in Section 301(c)(1). Section 301(c)(1), codified at 77 P.S. §411(1), defines injury arising in the course of employment as follows:

"The terms "injury" and "personal injury", as used in this Act, shall be construed to mean an injury to an employe, . . . arising in the course of his employment as related thereto. . . . The term "injury arising in the course of his employment," as used in this article, . . . shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and *shall include all injuries caused by the condition of the premises* or by the operation of the employer's business or affairs thereon. . . ." (Emphasis supplied.)

An employee, injured on the premises of his employer by the condition of the premises, cannot sus-

tain a cause of action against his employer for injuries sustained.

This court is restrained by the Constitution of this Commonwealth to interpret the law which the legislature has enunciated. Sections 301(c) and 303 are clear, unambiguous and unequivocal; this court does not have the power to write an exception into the act. Moreover, the legislature has expressly stated one and only one exception to the exclusivity of the workmen's compensation remedy — the exception for intentional acts by the employer causing injuries to the employee as set forth in Section 301(c) of this Act. 77 P.S. §411(1).

Of course, this court, notwithstanding the unequivocal contrary language in the statute, would feel compelled to follow Pennsylvania appellate court authority if authority existed supporting the plaintiff's novel theory of an employer's dual capacity. However, no Pennsylvania appellate court has considered the doctrine of dual capacity. In fact, a specially convened panel of four judges of the United States District Court for the Eastern District of Pennsylvania considered the issue of dual capacity and concluded that the Workmen's Compensation Act was the sole legal means for an employee to recover from an employer for injuries sustained in the course of an employee's employment. Kohr, et al. v. Raybestos-Manhattan, Inc., No. 78-3942, (E.D.Pa., filed Sept. 21, 1981) (specially convened panel).

A review of Pennsylvania appellate court decisions with respect to the exclusivity provision of the Workmen's Compensation Act supports the conclusion that all employer liability beyond that set forth in the Act is abolished. For example, the Pennsylvania Supreme Court has held that an employee injured during the course of his employment while driving his employer's vehicle was barred by the Act

from seeking no-fault benefits from the employer's insurer. Wagner v. National Indemnity Co., 492 Pa. Super. 194, 422 A.2d 1061 (1980). Cf. Tratrai v. Presbyterian University Hosp., 284 Pa. Super. 300, 425 A.2d 823 (1981) (hospital worker barred from suing employer-hospital for negligence during the treatment of hospital worker). Additionally, the Pennsylvania Superior Court has repeatedly held that an employer may not be sued for its alleged negligent acts resulting in injury to the employee. See, e.g. Shaffer v. Somerset Community Hospital, 205 Pa. Super. 419, 211 A.2d 49 (1965) (nurse slipped on ice in hospital parking lot barred from suing hospital); Bubich v. Pavich, 488 Pa. 124, 411 A.2d 218 (1979) (employee using employer's dispensary prohibited from suing for the negligence of the company's doctor). These cases sum up the current appellate court guidance to this court in resolving this novel theory.

Plaintiff, in support of the adoption of the dual capacity theory, relies exclusively on persuasive authority from several foreign jurisdictions' acceptance of that theory. See e.g. Mercer v. Uniroyal, Inc., 42 Ohio App. 2d 279 (1976); Douglas v. E. & J. Gallo Winery, 137 Cal. Rptr. 797 (1977). While the rationale of these cases is persuasive, it does not serve as authority for this court to write into the act a second exception to the Pennsylvania Workmen's Compensation Act. Further, this court has serious doubts as to whether on the facts of the instant case the Restatement 2d, of Torts, §402(a) would apply to permit recovery even in those jurisdictions which have accepted the dual capacity doctrine. Notwithstanding these doubts, on the facts of this case, plaintiff has failed to state a cause of action cognizable under the laws of this Commonwealth.

## ORDER

Therefore, this October 28, 1981, it is ordered and decreed that defendant's motion for summary judgment be and is hereby granted.