**Bobby BEAN and Lillian Bean**

v.

**WINDING RIVER CAMP GROUND and Tom Baldwin and Gloria Baldwin.**

Civ. A. No. 77–2289.

United States District Court, E. D. Pennsylvania.

Jan. 25, 1978.

Elaine J. Smith, Bank, Shor, Levin & Weiss, P. C., Elkins Park, Pa., for plaintiffs.

Leon A. Mankowski, Philadelphia, Pa., for defendants.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiffs, Bobby Bean and Lillian Bean, brought this action against Winding River Camp Ground, Tom Baldwin and Gloria Baldwin, seeking to recover damages for personal injuries suffered by Mr. Bean when he was thrown from a horse while vacationing in Colorado at a camp which was allegedly in the possession and control of the defendants.[1] Defendants have moved, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the complaint for lack of in personam jurisdiction. For the reasons hereinafter discussed, defendants' motion is granted.

The plaintiffs, who are residents of Pennsylvania, in an affidavit filed in opposition to the motion, allege that in the spring of 1976 Mr. Bean wrote a letter here in Pennsylvania to the Colorado Camp Ground Association and received a brochure entitled "Colorado Private Campgrounds". This brochure contained a "write-up" of camps in Colorado including that of the defendants. Mr. Bean later purchased a Rand McNally Campground and Trailer Park Guide here in Pennsylvania, which contained information about camps throughout the United States and which included information about the defendants' camp.[2] Mr. Bean then wrote directly to the defendants asking for more information and received a "News Flyer" and an "application". He made a reservation to stay at the camp by mailing to the defendants the "application" together with a $5.00 check and subsequently received an acknowledgment from the defendants.

Plaintiffs claim personal jurisdiction over the defendants in this case on the ground that defendants were doing business in Pennsylvania and are thereby subject to personal jurisdiction by virtue of the Pennsylvania long-arm statute.[3] The motion to

---

1. Subject matter jurisdiction is founded on 28 U.S.C. § 1332.

2. While plaintiffs' affidavit describes the material in the Rand McNally Guide as an advertisement, an examination of this material reveals that the defendants' camp is simply summarily described in a list along with many other campgrounds.

3. Federal Rule of Civil Procedure 4(e) permits service of process upon a party in the manner

dismiss for lack of in personam jurisdiction will be considered first with respect to the Baldwins.

In connection with individuals who are non-residents of Pennsylvania, the long-arm statute, § 8304, provides:

> Any nonresident of the Commonwealth who . . . shall have done any business in the Commonwealth on or after August 30, 1970 . . . shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual, if and only if at the time the cause of action accrued or the harm or financial loss occurred, the nonresident . . . shall have been doing any business within this Commonwealth as heretofore provided.

The long-arm statute defines what is meant by doing business, in § 8309(a), in the following language:

> Any of the following shall constitute "doing business" for the purposes of this Chapter:
>
> (1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.
>
> (2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

In determining whether there is personal jurisdiction over the Baldwins in this case we must first decide whether the activities of these nonresidents come within the above quoted statutory definition of doing business. *Columbia Metal Culvert Co., Inc. v. Kaiser Industries Corp.*, 526 F.2d 724, 730 (3d Cir. 1975); *Shong Ching Lau v. Change*, 415 F.Supp. 627, 631 (E.D.Pa.1976). The Court's attention has not been called to any decision by a Pennsylvania court which brings within the purview of the above quoted statutory definition of doing business, nonresident individuals whose contacts with this Commonwealth were as limited as those of the defendants in this case.

The Baldwins are citizens of Colorado. There is no allegation that they have ever been in the Commonwealth of Pennsylvania, have ever entered into any contracts here in Pennsylvania,[4] have ever owned, leased or operated any property in Pennsylvania, or that they maintained any office, sales agent, or representative in Pennsylvania. Accordingly, the complaint must be dismissed as to the Baldwins for lack of in personam jurisdiction.[5]

The remaining defendant in this case is Winding River Camp Ground. Neither the complaint nor the affidavits of either party reveal whether Winding River Camp Ground is a partnership, a joint venture, a fictitious name, some other unincorporated entity or a corporation.

If Winding River Camp Ground is any type of unincorporated entity, it has been held that the provisions of the Pennsylvania long-arm statute pertaining to

---

prescribed by a statute of the state in which the district court is located. Here, the appropriate state statute is the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 8301 et seq. (1976 Supp.).

4. Nor would such an allegation suffice to obtain jurisdiction. *See Columbia Metal Culvert Co., Inc. v. Kaiser Industries Corp.*, 526 F.2d 724, 728 (3d Cir. 1975) where the court held, ". . . execution of the contract alone might have sufficed to link Kennedy to Pennsylvania if the Legislature had manifested an intention to extend jurisdiction over nonresident *individuals*, as well as corporations, to the limits of due process."

5. The plaintiffs' complaint is one sounding in tort to recover damages for personal injuries resulting from being thrown from a horse while vacationing in Colorado. The long-arm statute, § 8303, makes specific provision for in personam jurisdiction in connection with non-resident individuals of this Commonwealth who have "committed a tortious act within this Commonwealth." There is no question that this section of the long-arm statute has no application to tortious acts committed outside the Commonwealth of Pennsylvania.

nonresident individuals are applicable. *General Heat & Power Co., Inc. v. Diversified Mortgage Investors*, 552 F.2d 556 at 560 (3d Cir. 1977). Therefore, if Winding River Camp Ground is an unincorporated entity, the complaint against it must be dismissed for the identical reasons discussed heretofore in connection with the Baldwins.

Assuming that Winding River Camp Ground is a foreign corporation, it is subject to the provisions of § 8302 of the Pennsylvania long-arm statute dealing with foreign corporations, which provides:

> Any foreign corporation which shall have done any business in this Commonwealth without procuring a certificate of authority to do so . . . shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. . .

Section 8309(a) of the long-arm statute defines what is meant by "doing business" as quoted above in connection with nonresident individuals.

Section 8309(b) of the long-arm statute, entitled "[e]xercise of full constitutional power over foreign corporations," provides:

> In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the power exercised by them to the fullest extent allowable under the Constitution of the United States.

By its terms, this section applies only to foreign corporations and not to nonresident individuals.[6]

The United States Court of Appeals for the Third Circuit recently discussed the requirements for in personam jurisdiction over foreign corporations under the Pennsylvania long-arm statute, *Empire Abrasive Equipment Corp. v. H. H. Watson, Inc.*, 567 F.2d 554 (3d Cir., filed October 7, 1977), and enunciated two limitations in connection therewith.

First, the due process clause of the Constitution forbids a state from exercising its authority in a manner that would encroach upon the sovereignty of a sister state. "A state must have some palpable interest—rationally connected with public policy—in adjudicating a dispute within its borders for jurisdiction to be lawfully acquired." *Empire Abrasive Equipment Corp. v. H. H. Watson, Inc., id.* at 557. In the instant case, Pennsylvania has little, if any palpable interest in adjudicating this dispute.

The second jurisdictional limitation which the due process clause places upon a court's authority "prevents a state of a plaintiff's choosing from coercing defense of a suit in a forum which, because of its remoteness from defendant's residence and from witnesses and proof, would be fundamentally unfair. This limitation is bound up in notions of fair play and substantial justice, and not at all in sovereignty." *Empire Abrasive Equipment Corp. v. H. H. Watson, Inc., id.* at 557.

The Court in *Empire* found that the exercise of in personam jurisdiction over one defendant in that case was not unfair. That defendant was involved in dealings with the Pennsylvania plaintiff prior to those which formed the basis for the lawsuit, the suit involved high-priced industrial equipment, the plaintiff was required to enter into subcontracts to fulfill its contract with the defendant and the defendant had

---

**6.** It is of interest to note that Act No. 142 of the Judicial Code, adopted by the Legislature of the Commonwealth of Pennsylvania on July 9, 1976, but not yet put into effect, provides, in § 5322(b):

> [E]xercise of full constitutional power over nonresidents—
> In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to *all persons* . .

to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States. (emphasis added).

Thus, the Legislature has not yet seen fit to extend jurisdiction over nonresident individuals to the fullest extent allowable under the Constitution of the United States.

initiated the business dealings between the parties.

 In the present case, none of these criteria are met. Winding River Camp Ground had no prior dealings with the plaintiffs, the transaction included the mailing of a $5.00 check and an "application", no further acts such as subcontracting were required of the plaintiffs and the plaintiffs initiated the dealings between the parties. Furthermore, there is no allegation that the corporation ever owned, leased or operated any property in Pennsylvania, or that it maintained any office, sales agent or representative in Pennsylvania. Additionally, it does not even appear that the corporation ever advertised in Pennsylvania. *See, supra*, note 2.

This Court finds that none of these defendants have had sufficient minimum contacts with Pennsylvania under the provisions of the long-arm statute to subject them to in personam jurisdiction.

Accordingly, an Order shall be entered dismissing the complaint, pursuant to Fed. R.Civ.P. 12(b)(2), for lack of in personam jurisdiction.