**Charles R. GAVIN, Appellant,**

v.

**PEOPLES NATURAL GAS COMPANY.**

**No. 79–1375.**

United States Court of Appeals, Third Circuit.

Argued Nov. 13, 1979.

Decided Jan. 16, 1980.

Thomas R. Gerety (argued), Pittsburgh, Pa., for appellant.

---

Ralph F. Scalera (argued), Ralph T. De-Stefano, Richard R. Riese, Thorp, Reed & Armstrong, Pittsburgh, Pa., for appellee.

Lutz Alexander Prager (argued), Issie L. Jenkins, Joseph T. Eddins, Jr., Beatrice Rosenberg, James P. Scanlan, Equal Employment Opportunity Commission, Washington, D. C., Robert E. Williams, Douglas S. McDowell, Daniel R. Levinson, McGuiness & Williams, Equal Employment Advisory Council, Washington, D. C., for amicus curiae.

Leo Pfeffer, New York City, for amici curiae Synagogue Council of America and National Jewish Community Relations Advisory Council.

Daniel D. Chazin, New York City, for amici curiae The National Jewish Commission on Law and Public Affairs and Anti-Defamation League of B'nai B'rith.

Dennis Rapps, New York City, for amicus curiae The National Jewish Commission on Law and Public Affairs.

Justin J. Finger, Jeffrey P. Sinensky, Richard A. Weisz, New York City, of counsel, for amicus curiae Anti-Defamation League of B'nai B'rith.

Before SEITZ, Chief Judge, ALDISERT, Circuit Judge, and HUYETT, District Judge.*

## OPINION OF THE COURT

HUYETT, District Judge.

Plaintiff Charles R. Gavin (Gavin), a former service operator for defendant People's Natural Gas Company (PNGC), has appeal-

ed from an Order of the District Court for the Western District of Pennsylvania granting PNGC's motion for summary judgment. Gavin instituted this employment discrimination case under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.* (1976), after he had been discharged because of his refusal to fulfill one of his job assignments. Claiming that this refusal was religiously mandated, Gavin alleged, *inter alia*, that he had been denied reasonable accommodation to his religion as required by Section 701(j) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(j) (Section 701(j)).[1] In granting summary judgment, the district court stated that "proceeding to trial on the facts of this case would necessarily lead to an entanglement of this court with religious beliefs," *Gavin v. People's Natural Gas Co.*, 464 F.Supp. 622, 632 (W.D.Pa.1979), and thus held that Section 701(j) was unconstitutional as applied. The questions presented are whether summary judgment was properly granted, and whether on the facts of this case Section 701(j) is constitutional in light of the Establishment Clause. Because we believe that summary judgment should not have been granted, we shall not consider the constitutional issue. We vacate the order of the district court and remand for further proceedings.

### I.

Gavin, who is a member of the Jehovah's Witnesses, was employed by PNGC as a service operator. As part of his work, he was required to raise and lower the American flag. Gavin refused to do so, asserting

* Honorable Daniel H. Huyett, 3rd, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. 42 U.S.C. § 2000e–2(a)(1)–(2) provides:
(a) It shall be an unlawful employment practice for an employer—
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way

which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.
42 U.S.C. § 2000e(j) provides:
(j) The term, "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

that this act violated his religious convictions. As a result, he was discharged from his employment.

Gavin then pursued his claim of unlawful discharge through union grievance proceedings, challenging the validity of his termination pursuant to provisions of the collective bargaining contract between his union and PNGC. At the final grievance meeting held on June 14, 1979, PNGC offered to reinstate Gavin with full back pay and to reassign him to the job of gas man rather than service operator.[2] Gavin refused this offer, however, and as a result the union decided not to appeal the grievance to arbitration. Gavin also filed an unfair labor practice charge against PNGC with the National Labor Relations Board, but this charge was withdrawn at the direction of the Pittsburgh Regional Office of the Board after Gavin refused the reinstatement offer. Likewise, the Unemployment Compensation Board rejected Gavin's claim in light of that refusal. Gavin had also filed a complaint with the Pennsylvania Human Relations Commission (PHRC), which dismissed his complaint after determining that his religion did not mandate his refusal to raise and lower the flag. An appeal from the PHRC decision to the Commonwealth Court of Pennsylvania was dismissed. The Equal Employment Opportunity Commission also considered Gavin's case and issued a Right to Sue letter after determining that PNGC had violated Title VII. Gavin filed suit in the District Court for the Western District of Pennsylvania within 90 days of the issuance of that letter, alleging both racial and religious discrimination.

The district court dismissed the racial discrimination claim, noting that it was without jurisdiction to determine that issue in light of plaintiff's failure to raise it before the EEOC. 464 F.Supp. at 623–24. The court then considered PNGC's summary judgment motion, presented on affidavits

as well as the record of the various agency proceedings. The court found that a ruling on whether PNGC had properly accommodated Gavin's religious beliefs as required by Section 701(j) would necessitate a judicial determination of the tenets of Gavin's religion,[3] thereby involving the court in an entanglement with religion in violation of the Establishment Clause. *Id.* at 626–33. Summary judgment was granted on the ground that application of Section 701(j) would lead to an unconstitutional entanglement with religion. *Id.* at 633.

II.

■ While we recognize the importance of the constitutional question posed by this appeal, we leave its resolution for another day. The general rule, based upon overriding policy considerations, is to avoid constitutional issues unless essential to the decision of a case. *E. g. Hagans v. Lavine,* 415 U.S. 528, 543, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); *Ashwander v. TVA,* 297 U.S. 288, 346–47, 56 S.Ct. 466, 80 L.Ed. 688 (1935) (Brandeis, J., concurring); *Burton v. United States,* 196 U.S. 283, 295, 25 S.Ct. 243, 49 L.Ed. 482 (1905). Determination of the constitutional issue is unnecessary in this appeal because we find that summary judgment should not have been granted.

■ Summary judgment is inappropriate if there remains in the case a genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Here PNGC is charged with failing to accommodate to Gavin's religious beliefs in violation of Section 701(j). This raises the constitutional issue only if the court is required to determine whether the beliefs which PNGC allegedly disregarded were religious. Thus the constitutional issue presupposes lack of accommodation. However, the question of whether PNGC accommo-

---

**2.** Gavin had been employed by PNGC as a gas man prior to his assignment as a service operator. The latter assignment was required by Gavin's seniority under the normal operation of the collective bargaining agreement between Gavin's union and PNGC.

**3.** PNGC disputed Gavin's assertion that his objection to raising and lowering the flag was religiously based.

dated to Gavin's beliefs, assuming *arguendo* they are religious for Section 701(j) purposes, was never resolved. This question involves a material fact because if PNGC did indeed accommodate to Gavin's beliefs as required by Title VII, no Title VII violation concerning Gavin's religion has been established.[4] Accommodation remains a genuine issue because the district court made no findings, and the parties have not stipulated, as to whether PNGC's offer of reinstatement as a gas man made to Gavin on June 14, 1979 constituted compliance with the provisions of Title VII which mandate accommodation of religion. We note that Gavin had fulfilled the duties of gas man for some period before being assigned work as a service operator, and thus we can assume that the responsibilities of a gas man do not conflict with his religious beliefs. However, other factors may have made the reinstatement offer less acceptable than appears from the current state of the record. Absent findings as to the nature and effect of that offer, a determination of whether PNGC complied with Title VII is not possible. Thus a trial is necessary to determine whether PNGC complied with Title VII by accommodating to Gavin's beliefs, regardless of their nature, through its offer of reinstatement as gas man.[5]

### III.

Accordingly the judgment of the district court is vacated and the case is remanded to the district court for proceedings consistent with this opinion.

---

**4.** *See* note 1 *supra.*

**5.** The constitutional issue need be reached only if it is determined that no proper accommodation was offered. Because the parties do not agree that Gavin's beliefs are religious, the question of what constitutes religion for Section 701(j) purposes must then be determined. This, of course, again raises the constitutional issue we leave undecided.