Harry Zeruld Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Molly Zeruld, Widow of Harry Zeruld, Deceased.

190

Argued October 4, 1979, before Judges, MENCER, BLATT and CRAIG, sitting as a panel of three.

*Lowell A. Reed, Jr.*, with him, *Patricia A. Mattern*, of counsel, *Rawle & Henderson*, for petitioner.

*Gerald J. Haas*, with him, *Irwin S. Lasky*, for respondent.

OPINION BY JUDGE BLATT, February 4, 1980:

Harry Zeruld Company (Company) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's award of death benefits to Molly Zeruld (claimant). She sought benefits for the death of her husband, Harry Zeruld (decedent), who was fatally injured in December of 1975 while working at the Company in its regular course of business. He died in January of 1976. The sole issue presented here is whether or not the decedent was an employe of the Company within the definition of "employe" in Section 104 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §22, so

as to make the claimant eligible for benefits. The Company contends that the decedent's complete control over the Company prohibits his classification as an employe.

It is undisputed that until January of 1967 the decedent was the sole proprietor of a cotton waste business and that, when the business was incorporated in 1967 as Harry Zeruld Company, Inc., he became the sole owner of the Company's stock. The three directors of the Company from the time of its incorporation until the decedent's death were the decedent, the claimant, and a third person who has not taken an active role in the Company since 1967. In February of 1967, the board of directors of the Company voted to employ the decedent as the corporate manager at a salary of $300.00 per week. Dividends were never declared by the Company, but the decedent drew a weekly bonus amounting to a yearly maximum of $30,000 which was based proportionately on the Company's annual profits. It is undisputed that he exercised complete control over the Company and over all the workings of the Company. He was duly elected as president and treasurer of the Company and remained in these executive offices until his death.

Section 104 of the Act, 77 P.S. §22, clearly includes in its definition of "employe" all corporate executive officers irrespective of whether or not such officers have exercised control over the services of others in the corporation.[1] It provides in part: "Every executive officer of a corporation elected or or appointed in accordance with the charter and by-

---

[1] *Compare* Section 104 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended* 77 P.S. §22 *with Pardini v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 114, 399 A.2d 1211 (1979) *and* Section 402(h) of the Unemployment Compensation Law, Act of December

laws of the corporation . . . shall be an employe of the corporation. . . ." In the light of this specific statutory language, if we were to hold that the decedent was not an employe of the Company we would also hold that he was not an executive officer of the Company, despite his de jure status as such. This would further require that we disregard and consolidate the separate and distinct legal identities of the decedent and the Company, *i.e.,* that we pierce the Company's corporate veil.

It is a well-settled rule, however, that the courts of this Commonwealth will not disregard a corporate entity absent a showing that the entity was used for the perpetration of fraud, or as a means to justify a wrong, or that the corporate assets were illegally used for the benefit of the controlling party . *Ashley v. Ashley,* 482 Pa. 228, 393 A.2d 637 (1978). It is appropriate to hold here, therefore, as Judge MENCER held in *Gayer v. Quaker Hair Goods Co.,* 5 Pa. Commonwealth Ct. 133, 289 A.2d 763 (1972), though not there confronting the same issue, that:

> Absent a showing of fraud or improper corporate manipulations designed to circumvent the public policy encompassing the Workmen's Compensation Act, courts will not sanction a disregard of the corporate entity. . . . There must be present some item of unfairness, injustice or some compelling public policy favoring such disregard. (Citation omitted.)

5 Pa. Commonwealth Ct. at 138, 289 A.2d at 766.

There is no evidence in the record before us indicating any such misuse of the corporate entity. The

---

1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h) (a person claiming unemployment compensation benefits who maintains a substantial degree of control over the corporation's operation is self-employed and is, therefore, ineligible for unemployment compensation benefits).

claimant, on the other hand, produced evidence that the Company was duly incorporated for lawful purposes, that the decedent's underlying motives for incorporation were legitimate, that the articles of incorporation and the by-laws were effectively adopted in accordance with law, that the tax obligations of the decedent and the Company were kept separate, and that the decedent and the Company did not commingle bank accounts or other assets.

We cannot, therefore, disregard the corporate entity of the Company in this proceeding.

Moreover, we would reach the same result here even without the mandate of Section 104 of the Act, for cases interpreting the meaning of "employe" in the Act indicate that the crucial determinant of employe status is whether or not the alleged employe is subject to the right of control of an alleged employer. *Heilner v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 494, 393 A.2d 1085 (1978). And Section 401 of the Business Corporation Law, Act of May 5, 1933, P.L. 364, *as amended*, 15 P.S. §1401, clearly provides that the right of control over all the business and affairs of a corporation is vested in the board of directors as a whole, and not in any single director or officer. The decedent, therefore, as an officer and manager of the Company, was legally subject to the ultimate right of control by the entire board and must be classified as an employe for the purposes of the Act.

We must accordingly affirm the decision of the Board below finding the claimant to be eligible for death benefits.

### Order

And Now, this 4th day of February, 1980, the order of the Workmen's Compensation Appeal Board in the above-captioned case is hereby affirmed and

194

judgment in entered in favor of the claimant, Molly Zeruld, against Harry Zeruld Company, Inc. in the amount of $171.00 per week commencing December 22, 1975 and continuing during the term of her widowhood, with interest on deferred payments at the rate of ten percent per annum. It is further ordered that after the date at which the decedent's daughter, Joan Edin, reaches 18 years of age, benefits for claimant shall continue at $153.00 per week, with interest thereon at said rate. It is further ordered that Harry Zeruld Company, Inc. shall pay medical expenses in the amount of $3,382.97 to the claimant, medical expenses in the amount of $25,905.05 to Hahneman Hospital, and funeral expenses in the amount of $1,500.00 to the claimant. It is also directed that Irwin S. Lasky, Esquire, claimant's counsel, shall be granted 20 percent of the above award, payable out of the claimant's share of distribution.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.