Fred **COHEN**

v.

Samuel and Shirley **ROSENGARTEN.**

Civ. A. No. 79–2881.

United States District Court,
E. D. Pennsylvania.

Nov. 6, 1980.

**570**

Roslyn G. Pollack, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiff.

Walter R. Milbourne, Obermayer, Rebman, Maxwell & Hippel, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

GILES, District Judge.

Plaintiff, a limited partner in a New York partnership, sued defendants, the general partners, alleging that defendants sent agents to Pennsylvania who solicited plaintiff to invest and become a member in the partnership. Plaintiff alleges that he invested $100,000 because of defendants' agents' misrepresentations that the partnership would obtain up to twenty oil wells producing cumulatively at least one hundred and twenty barrels per day. Plaintiff further alleges that defendants breached various fiduciary duties owed to the limited partners. Diversity is alleged pursuant to 28 U.S.C. § 1332(a).

Defendants have moved to dismiss pursuant to Rules 12(b)(2), 12(b)(6) and 19 of the Federal Rules of Civil Procedure. They assert that the court lacks *in personam* jurisdiction, that plaintiff has failed to state a claim upon which relief can be granted, that plaintiff has failed to join other limited partners as indispensable parties and that such joinder would defeat diversity jurisdiction. In response thereto, plaintiff submits that there existed sufficient contacts with the Commonwealth of Pennsylvania for the exercise of *in personam* jurisdiction by this court consistent with "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326

U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Plaintiff further contends that the joinder of other limited partners is not essential to maintenance of the action.

For the reasons which follow, the court denies defendants' motion to dismiss under Rule 12(b)(2) and (6); however, the Rule 19 motion is denied without prejudice.

## I. IN PERSONAM JURISDICTION

Plaintiff alleges the court has jurisdiction under 42 Pa. C.S.A. § 5322 (1976). In relevant part, section 5322 reads as follows:

(a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts. . . .

3. Causing harm or tortious injury by an act or omission in this Commonwealth.

4. Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth. . .

Plaintiff asserts that defendants transacted business and caused economic harm to plaintiff in Pennsylvania.

■ On a motion to dismiss, plaintiff bears the burden of alleging facts sufficient to persuade the court that it had jurisdiction and once jurisdiction is challenged, plaintiff has the burden of proving facts which establish jurisdiction. *Kenyatta v. Kelley*, 430 F.Supp. 1328, 1330 (E.D.Pa. 1977). *Hicks v. Kawasaki Heavy Industries*, 452 F.Supp. 130, 133 (M.D.Pa.1978); *Parise v. AAA Warehouse Corp.*, 384 F.Supp. 1075 (W.D.Pa.1974). Further, the burden of establishing that defendants did business in Pennsylvania at the time of the purported service rests upon plaintiff. *See, Strick Corp. v. Cravens Homalloy (Sheffield) Ltd.*, 352 F.Supp. 844, 846 (E.D.Pa. 1972); *Optico Corp. v. Standard Tool Company*, 285 F.Supp. 46, 48 (E.D.Pa.1968). In considering a motion to dismiss for lack of *in personam* jurisdiction the court must, however, read the pleadings in the light most favorable to plaintiff. *Empire Abrasive Equipment v. H. H. Watson, Inc.*, 567 F.2d 554, 557 (3d Cir. 1977); *Vannaarden v. Grassi*, 488 F.Supp. 720, 722 (E.D.Pa.1980); *Walsh v. National Seating Co., Inc.*, 411 F.Supp. 564, 567 (D.Mass.1976).

■ Here, plaintiff contends that defendants' agent, Mark Haiken, came to the Eastern District of Pennsylvania on two occasions in an attempt to solicit and persuade plaintiff to invest and become a limited partner in the Center Oil Limited Partnership (hereafter "Center Oil"). Defendants were the general partners of Center Oil. During the first of these meetings with plaintiff's financial advisors held on December 10, 1975 Haiken and one of his associates, Jack Isaacson, called Center Oil's legal counsel in New York regarding registration of the Center Oil offering with the Pennsylvania Securities and Exchange Commission.[1] The substance of that telephone conversation was communicated to plaintiff's financial advisors; specifically,

that Center Oil's counsel would file the necessary registration papers that same day. Thereafter, Haiken returned to New York. On December 15, 1975, only five days later, he returned to Pennsylvania, and met with plaintiff. He caused plaintiff to deliver to him an executed limited partnership agreement evidencing his interest in Center Oil and, in return, received from plaintiff the sum of $100,000 as plaintiff's contribution to the partnership. Haiken returned to New York with the check and the partnership document.

Plaintiff alleges that defendants telephoned him in Pennsylvania on various occasions to keep him abreast of Center Oil's progress and also to solicit his interest in investing in other of defendants' business ventures. After becoming a limited partner, plaintiff allegedly received in Pennsylvania nearly thirty (30) letters from defendants regarding the operation of the partnership.

Reading the pleadings in the light most favorable to plaintiff, the court concludes that plaintiff has demonstrated for purposes of this motion that defendants registered or attempted to register to do business in Pennsylvania and that the representations of their agents made in Pennsylvania induced him to contract with or invest in Center Oil. Further, plaintiff delivered to defendants $100,000 and executed the partnership agreement in Pennsylvania. Therefore, defendants were "transacting business" in Pennsylvania within the scope and meaning of 42 Pa.C.S.A. § 5322(a).

■■ The court does not base its decision solely on section 5322(a) dealing with "transacting...business." The court recognizes that it has a duty to avoid deciding cases on constitutional grounds when such cases may be decided on statutory ones.[2]

---

1. Plaintiff further alleges that on another occasion two of defendant's agents, one of whom was Isaacson, came to Pennsylvania and solicited plaintiff's investment in another oil-related limited partnership in which defendants, Sam Rosengarten, was a general partner.

2. *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936):

    "The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. This rule has found most varied applica-

However, the court is not precluded from resting its decision on an alternate basis, even if that basis is a constitutional one, for 42 Pa.C.S.A. § 5322(b) states:

> (b) Exercise of full constitutional power over nonresidents.—In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

Where, as here, the constitutional rights of the litigants are implicated, it is necessary to decide whether the exercise of *in personam* jurisdiction would offend "the traditional notions of fair play and substantial justice." 326 U.S. at 316, 66 S.Ct. at 158. In *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Court held that the forum state could collect unemployment compensation insurance payments from a foreign corporation which employed salespersons in the state who, in turn, solicited and received merchandise orders from state residents. *Id.* at 313–314, 66 S.Ct. at 156–157. However, the salespersons had no authority to enter into contracts with or to collect payments from customers. The foreign corporation argued that by charging it for unemployment compensation benefits, Washington violated the Due Process Clause of the Fourteenth Amendment and imposed a constitutionally prohibited burden on interstate commerce. *Id.* at 313, 66 S.Ct. at 156. In affirming the judgments below, the Court stated the following test for determining the exercise of *in personam* jurisdiction:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' (citations omitted).

326 U.S. at 316, 66 S.Ct. at 158.

In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) the Court reaffirmed the "minimum contacts" standard, that is, the defendant must have acted in some way which demonstrates that he purposely availed himself of the privilege of conducting activities within the forum state. *Accord, Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 858 (1958).

Thus, in *Parise v. AAA Warehouse Corp.*, 384 F.Supp. 1075 (W.D.Pa.1974) the court asserted *in personam* jurisdiction over an Indiana corporate defendant which by mail solicited business from over 100 Pennsylvania corporations. A Pennsylvania citizen, sued alleging that defendant's employees' negligence caused a railroad freight car door to disengage and fall upon him in an Indiana depot. Similarly, in *Vannaarden v. Grassi*, 488 F.Supp. 720 (E.D.Pa.1980), the court held that it had *in personam* jurisdiction over defendants, former Pennsylvania residents, who "[p]urposely availed themselves of the privilege of conducting activities within Pennsylvania by entering into an agreement to sell their house to plaintiff . . ." 488 F.Supp. at 723.

■ Similarly, here, defendants purposely availed themselves of the privilege of conducting activities in Pennsylvania by calling plaintiff to solicit his interest, sending agents to negotiate terms regarding the limited partnership, registering or attempting to register the Center Oil offering with the Pennsylvania Securities & Exchange

---

tion. Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter." (citations omitted). *Accord, Califano v. Yamasaki*, 442 U.S. 682, 692–693, 99 S.Ct. 2545, 2553, 61 L.Ed.2d 176

(1979); *New York City Transit Authority v. Beazer*, 440 U.S. 568, 582–583, and n.22, 99 S.Ct. 1355, 1363–64 and n.22, 59 L.Ed.2d 587 (1979); *U.S. v. C.I.O.*, 335 U.S. 106, 110, 68 S.Ct. 1349, 1351, 92 L.Ed. 1849 (1948).

Commission, and causing the partnership agreement to be signed and consideration given in Pennsylvania. These acts as alleged are sufficient to justify exercise of *in personam* jurisdiction. Therefore, maintenance of this action does not offend traditional notions of fair play and substantial justice. In *Strick Corp. v. Cravens Homalloy (Sheffield) Ltd.*, 352 F.Supp. 844 (E.D. Pa.1972) the court found

> ... that in coming to Pennsylvania thirty-eight (38) times within the 1966 to 1971 period for the purpose of negotiating and entering into leasing and sales agreements, and for the purposes of learning production methods to be used elsewhere, Cravens has been 'doing business' in Pennsylvania....

352 F.2d at 847.

The allegations in the instant action are readily distinquishable from those in *AM Communications Corp. v. Eastern Connecticut Cablevision*, No. 79–95 (E.D.Pa. April 9, 1980) and *Jacobs v. Lakewood Aircraft Service, Inc.*, 493 F.Supp. 46 (E.D.Pa.,1980), two cases cited by defendants.

In *AM Communications* there was a construction contract between a Pennsylvania and a Connecticut corporation which had been entered into in Connecticut for work to be done there. The court found that it lacked *in personam* jurisdiction because the defendant's sole contacts with the Pennsylvania plaintiff were pre-contract correspondence (written and telephonic) and mailed payments for completed work. Here, the agents for defendants registered or attempted to register Center Oil to do business in Pennsylvania, induced plaintiff to act based upon that representation, and created the contract here.

In *Jacobs*, plaintiff's decedent alleged that defendant's negligence was the proximate cause of an airplane crash. Defendant, a New Jersey corporation, did almost 98% of its business in New Jersey and New York. The court dismissed the action for lack of *in personam* jurisdiction because plaintiff failed to show that defendant did business in Pennsylvania or that there existed sufficient connection between defendant and the forum state as to make it fair to require defense of the action in this forum. The court stated that forseeability of the accident occurring in Pennsylvania was only one factor to consider in determining the existence of jurisdiction. At pp. 572–573. Here, however, the fact that defendants made a contract in Pennsylvania demonstrates that defendants knew or reasonably should have anticipated that if a subsequent dispute arose, such as a claim of breach of contract, defendant might be liable under 42 Pa.C.S.A. § 5322(a)(4).

As Justice White wrote in the *World Wide Volkswagen, supra,*

> "[t]he forseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."

444 U.S. at 297, 100 S.Ct. at 567.

Accordingly, for the reasons above stated, the motion of defendant to dismiss for lack of *in personam* jurisdiction must be denied.

## II. SUFFICIENCY OF PLAINTIFF'S CLAIM

■ The relevant legal standards to be applied to a Rule 12(b)(6) motion are:

> [T]he plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations, he or she would be unable to prevail. *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (1977); *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).

Thus, as the Supreme Court has stated frequently,

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted).

Rule 12(b)(6) provides that if the parties present matters outside the pleadings and the court considers those matters, the court shall treat the motion to dismiss as one for summary judgment. *Mortensen v. First Federal Savings & Loan Association,* 549 F.2d 884, 891 (3d Cir. 1977). If there is a genuine issue as to any material fact, summary judgment is inappropriate. *Gavin v. Peoples Natural Gas Company,* 613 F.2d 482, 484 (3d Cir. 1980).

In this case the parties dispute at least two material issues of fact, namely, whether Haiken was defendants' agent and whether obtaining oil wells cumulatively producing one hundred twenty barrels daily was a contractual term or condition as opposed to a mere description of the risk and possible payoff of a speculative venture which plaintiff knowingly accepted.

Accordingly, the Rule 12(b)(6) motion shall be dismissed.

## III. INDISPENSABLE PARTIES

Defendants have moved under Rule 19, Fed.R.Civ.P. to dismiss the complaint due to plaintiff's failure to join the other limited partners as indispensable party plaintiffs. In relevant part, Rule 19 reads as follows:

> *Joinder of Persons Needed for Just Adjudication.*
> (a) *Persons To Be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties . . .
> (b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Defendants assert that the limited partners are indispensable parties and that their joinder would defeat diversity jurisdiction.

In *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 109–111, 88 S.Ct. 733, 736–37, 19 L.Ed.2d 936 (1968), the Supreme Court stated that under Fed.R. Civ.P. 19(b), four interests must be examined: (1) plaintiff's interest in having a forum; (2) defendants' interest in avoiding multiple litigation, inconsistent relief or sole responsibility for a liability shared with others [nonparties]; (3) the interests of outsiders; and (4) the public interest in complete, efficient, and consistent settlement of controversies. Further, trial courts must be guided by pragmatic considerations based on fairness. 390 U.S. at 106–107, 117 n.12, 88 S.Ct. at 736–737, 741 n.12; *Isdaner v. Beyer,* 53 F.R.D. 4, 5 (E.D.Pa.1971); *Wolgin v. Atlas United Beneficial Corp.,* 397 F.Supp. 1003, 1011 (E.D.Pa.1975); *aff'd without opinion,* 530 F.2d 966 (3d Cir. 1976).

In this regard, the court finds the following statement in *Provident* of assistance:

> The decision whether to dismiss (i. e., the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests. Rule 19 does not prevent the assertion of compelling substan-

tive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist. To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him.

390 U.S. at 118–119, 88 S.Ct. at 742.

As a practical matter, discovery has not begun and the court is confronted primarily with the parties' conflicting allegations and affidavits. Defendants allege that the partnership contract was created in New York, the law of New York governs, and rescission of the agreement as to plaintiff would so adversely affect the interests of the other limited partners that those partners should be joined under Rule 19 as indispensable parties. Plaintiff disputes these assertions and argues that the court may grant plaintiff relief without affecting the interests of the other limiteds in a way requiring joinder. It presently appears that as to plaintiff the partnership agreement was created in Pennsylvania. However, even assuming that the partnership agreement is determined to have been created in New York and is governed by New York law, neither defendants' motion nor the record is sufficient to allow the court to make findings essential to a fair determination of the joinder issue. Therefore, at this stage, defendants have failed to demonstrate by a fair preponderance of the evidence that the other limited partners must be joined as indispensable parties before the action can proceed. Accordingly, defendants' Rule 19 motion shall be denied without prejudice.