**Robert HELDER and Elaine Helder**

**v.**

**WHITTENBERG LIQUIDATING CO. and George R. Whittenberg.**

**Civ. A. No. 79–1558.**

United States District Court,
E. D. Pennsylvania.

Sept. 10, 1981.

As Amended Sept. 25, 1981.

---

.

Charles J. Bogdanoff, Philadelphia, Pa., for plaintiff.

Robert W. Costigan, Robert W. Maher, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

### I. PRELIMINARY STATEMENT

This is a personal injury-products liability action. Jurisdiction is predicated upon diversity of citizenship. Plaintiff, Robert Helder was an employee of Eaton Corporation, a manufacturer and seller of industrial trucks. On May 13, 1977, plaintiff was injured while he attempted to make adjustments on a machine which he had been operating. Plaintiff alleges that the machine leaked oil, causing the work area floor to become slippery, and that he was injured when he slipped on this surface and fell.

On May 12, 1979, plaintiff instituted suit against A & B Tubing and Bar Fixtures, Inc. of Michigan (A & B Tubing), the corporation which had refurbished the machine in question prior to selling it to plaintiff's employer. Plaintiff subsequently joined George Whittenberg who has been the sole shareholder and chief administrative officer of A & B Tubing since its inception in 1958. In October of 1978, prior to the institution of plaintiff's suit, A & B Tubing had entered into an agreement with another corporation for the sale of some of A & B Tubing's assets. As part of the agreement of sale, A & B Tubing was required to change its name, and it adopted the name

Whittenberg Liquidating Company.[1] The sale of assets was completed on January of 1979 and Whittenberg Liquidating Company's remaining assets were reduced to cash holdings. This liquid status was preserved until July of 1979.

In July, eight weeks after plaintiff initiated suit, Whittenberg Liquidating Company completed a certificate of corporate dissolution. As required by Michigan law, attached to the certificate was a schedule of pending litigation which listed plaintiff's suit. On the same date in July of 1979 George Whittenberg, individually, entered into an agreement with Whittenberg Liquidating Company in order to complete corporate liquidation. Pursuant to this agreement, all the assets of the corporation were assigned to George Whittenberg individually and as sole shareholder of the corporation, subject to any adjustments which might result from plaintiff's suit.[2]

Because Whittenberg Liquidating Company no longer had any assets which could satisfy a judgment against it, plaintiff proceeded to join the party with possession of the assets, George Whittenberg, as an individual defendant. Subsequently, George Whittenberg filed a motion, which he designates as a "Motion to drop George Whittenberg as a party defendant." In essence he contends that this court lacks personal jurisdiction over him. He states that he is beyond the territorial jurisdiction of this court and argues that the Pennsylvania long-arm statute, 42 Pa.C.S. § 5321 et seq., does not reach him individually because his only contacts with Pennsylvania have been solely in his capacity as an officer or agent of A & B Tubing. Since it is defendant's only contention that this court lacks personal jurisdiction with respect to the claims asserted against him as an individual, the court will treat the pleading as a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Accordingly, the motion is denied for the reasons which follow.

## II. DISCUSSION

Fed.R.Civ.P. 4(e) directs this court to look to the laws of Pennsylvania for the boundaries of its in personam jurisdiction. The Pennsylvania long-arm statute provides that jurisdiction over all persons shall stretch "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S.A. § 5322(b). See *Jacobs v. Lakewood Aircraft Serv. Inc.*, 493 F.Supp. 46 (E.D. 1980); *Bean v. Winding River Camp Ground*, 444 F.Supp. 141, 145 n.6 (E.D.Pa. 1978).

For the purposes of this motion, the only authority the court need consider to determine whether it has personal jurisdiction over the defendant is the constitutional standard of "minimum contacts" as defined in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny. See *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The parties do not dispute that personal jurisdiction has been properly ex-

---

1. Plaintiff later amended his complaint to name Whittenberg Liquidating Company as defendant.

2. That George R. Whittenberg does hereby agree to accept any and all tax refunds due said Corporations and to accept as the sole stockholder of said corporation all of the remaining assets of the Corporation in accordance with the provisions of the Plan of Liquidation and pursuant to the terms and conditions of Internal Revenue Service Code 337; *"PROVIDED, However*, that the corporate entity known as Whittenberg Liquidating Company shall be responsible for paying any judgment, attorney fees, costs or other expenses required to conclude the two matters of litigation now pending against said Corporation and agree to save the said George R. Whittenberg harmless from any and all future liability, expenses or the like arising out of said lawsuits. [sic]"

*EXHIBIT A*

Defendant's Memorandum in Support of Motion to "drop George Whittenberg as a party Defendant."

erted over the corporate defendant, Whittenberg Liquidating Company. By selling and shipping the machine involved in plaintiff's accident into Pennsylvania, Whittenberg Liquidating has caused tortious injury in the Commonwealth within the meaning of Pennsylvania's long-arm statute. See 42 Pa.C.S.A. § 5322(a)(4). Exercising personal jurisdiction over the corporate defendant under these circumstances does not "offend 'traditional notions of fair play and substantial justice'." *International Shoe Co. v. Washington,,* supra, 326 U.S. at 316, 66 S.Ct. at 158. See *World-Wide Volkswagen Corp. v. Woodson,* supra, 444 U.S. at 297, 100 S.Ct. at 567; *VanNaarden v. Grassi,* 488 F.Supp. 720, 722–23 (E.D.Pa.1980); *Furnival Machinery Co. v. Joseph Barta Assoc.,* 470 F.Supp. 735, 739 (E.D.Pa.1979).

▆▆ The determinative question sub judice is whether the individual, George Whittenberg, can use the corporate entity as a shield to avoid personal jurisdiction. As a rule, the courts have not exerted personal jurisdiction over individuals for their acts done in a corporate capacity. *Miller v. American Telephone & Telegraph Company,* 394 F.Supp. 58, 62 (E.D.Pa.1975) *aff'd mem,* 530 F.2d 964 (3d Cir. 1976). See also, *Lehigh Valley Industries, Inc. v. Birenbaum,* 527 F.2d 87, 93 (2d Cir. 1975); *Wilshire Oil Co. of Texas v. Riffe,* 409 F.2d 1277, 1281 (10th Cir. 1969). Plaintiff urges the court, however, to pierce the corporate veil. He alleges that the corporate defendant is the alter ego of George Whittenberg

since Whittenberg was in sole and exclusive control of the corporation and intermingled his personal funds with those of the corporation.[3] See amended complaint at 36–38. Consequently, he argues that Whittenberg is liable because no true corporate capacity exists and, thus, the individual defendant personally committed the tortious conduct. See *Donsco, Inc. v. Casper Corp.,* 587 F.2d 602, 606 (3rd Cir. 1978).

▆▆ In a challenge to in personam jurisdiction by a motion to dismiss, the burden rests on the plaintiff to show a basis for the assertion of long-arm jurisdiction. *Cohen v. Rosengarten,* 88 F.R.D. 568, 571 (E.D.Pa. 1980); *Saraceno v. S. C. Johnson & Son, Inc.,* 83 F.R.D. 65, 66 n.1, (S.D.N.Y.1979); *Oddi v. Mariner-Denver, Inc.,* 461 F.Supp. 306, 310 (S.D.Ind.1978); *Optico Corp. v. Standard Tool Co.,* 285 F.Supp. 46, 48 (E.D. Pa.1968). Where the allegations of the complaint are uncontroverted, however, they must be taken as true. *Black v. Acme Markets, Inc.,* 564 F.2d 681, 683 n.3 (5th Cir. 1977); *O'Hare Int'l. Bank v. Hampton,* 437 F.2d 1173, 1176 (7th Cir. 1971); *VanNaarden v. Grassi,* supra, 488 F.Supp. at 722.[4] The allegations in support of plaintiff's alter ego theory of liability in the case sub judice are unrefuted by affidavit or otherwise. Thus, in accordance with the foregoing authorities, plaintiff's averments must be accepted as true and George Whittenberg would be personally liable since the conduct of the corporate defendant which caused the tortious injury in this state must

---

**3.** The burden of proof on the application of the alter ego theory rests with the party attempting to negate the existence of a separate entity. *Publicker Industries v. Roman Ceramics,* 603 F.2d 1065, 1069 (3rd Cir. 1979). The well settled rule in Pennsylvania for piercing the corporate veil was recently set forth in *Harry Zeruld Co. v. Workmen's Comp. App.,* 49 Pa.Cmwlth. 189, 410 A.2d 954 (1980). The courts should not "disregard a corporate entity absent a showing that the entity was used for the perpetration of fraud, or as a means to justify a wrong, or that the corporate assets were illegally used for the benefit of the controlling party." Id. at 192, 410 A.2d at 956. While the allegations of impropriety are admittedly sparse in the case at bar, I note that the comingling of personal funds with corporate assets may be sufficient under Pennsylvania law to

disregard the corporate existence. *Cerami v. Dignazio,* 283 Pa.Super. 424, 424 A.2d 881, 891 (Pa.Super.1980).

**4.** Furthermore, on ruling on a motion to dismiss which includes sworn denials of the jurisdictional allegations creating a factual dispute, a court must consider the pleadings and affidavits in the light most favorable to the non-moving party. *Oxford First Corp. v. PNC Liquidating Corp.,* 372 F.Supp. 191, 192–93 n.2 (E.D.Pa. 1974). Accord, *Lieb v. American Pac. Intern., Inc.,* 489 F.Supp. 690, 694 (E.D.Pa.1980). This standard has been applied formerly in this district in addressing the alter ego issue. *Vespe Contracting Co. v. Anvan Corp.,* 433 F.Supp. 1226, 1233 n.11 (E.D.Pa.1977).

be regarded as that of the individual defendant. It is, therefore, indisputable that this court has in personam jurisdiction over the individual defendant on the record before it. Compare, *Publicker Industries v. Roman Ceramics*, supra, 603 F.2d at 1069 (no allegations) with *Consumers Time Cred. Inc. v. Remark Corp.*, 227 F.Supp. 263, 265 (E.D.Pa.1964) (failure to deny allegations). The defendant's motion is denied.[5]

---

[5.] In light of the disposition of defendant's motion herein, I express no view as to the viability of the additional claims presented against the individual defendant. The court notes, however, that it remains for the plaintiff to establish the jurisdictional facts at trial by a preponderance of the evidence. *Data Disc. Inc. v. System & Tech Assoc. Inc.*, 557 F.2d 1280, 1285 n.2 (9th Cir. 1977); *Oxford First Corp. v. PNC Liquidating Corp.*, supra, 372 F.Supp. at 193 n.2. If he fails to meet this burden, the claim against the individual defendant will be dismissed accordingly, since these jurisdictional facts are intertwined with the merits.